## Guldin, Appellant, *v.* Schuylkill County.

*Public officers — Emoluments — Constitution of 1874, art. III, § 13, and art. XIV, § 5 — Act of March 31, 1876.*

The rule that one part of a statute must be so construed that the whole may, if possible, stand, applies to the constitution.

The provision of § 5 of art. XIV of the constitution of 1874, that officers of counties containing over 150,000 inhabitants shall be paid by salary, is to be construed in connection with § 13 of art. III, which provides that no law shall increase or diminish the salary or emoluments of a public officer after his election or appointment.

Section 13 of art. III of the constitution prohibits an increase or diminution of the salary or emoluments of a public officer after his election or appointment, although the law under which the increase or diminution would be made was passed before his election or appointment.

The act of March 31, 1876, providing that officers of counties contain-
ing over 150,000 inhabitants shall be paid by salary, is not made to apply
to an officer elected when the county contains less than that number, by an
increase to that number during his term.

*Population—Ascertainment of—Federal census.*

In the absence of any legislative provision for otherwise ascertaining
the fact, the population of a county is to be determined by the last federal
census.

Argued Feb. 16, 1892.   Appeal, No. 67, July T., 1892, by
plaintiff, B. C. Guldin, coroner of Schuylkill Co., from judg-
ment of C. P. Schuylkill Co., March T., 1891, No. 255, for de-
fendant, on case stated.   Before PAXSON, C. J., STERRETT,
GREEN, WILLIAMS and HEYDRICK, JJ.

Assumpsit to recover fees as coroner.

The following is the case stated :

" And now April 6, 1891, it is hereby agreed between the
plaintiff and defendant above named that the following agree-
ment for a case stated be substituted for the one already filed
in this case on February 14, 1891.

" B. C. Guldin, the plaintiff, was duly elected coroner of said
county on November 4, 1889, and his term of office began on
the first Monday of January, 1890, and will end on the first
Monday of January, 1893.   That plaintiff entered upon the
discharge of his duties as coroner on Monday, January 5, 1890,
and has duly discharged the duties imposed upon him by law
since that time.   That in the discharge of his said duties the
county of Schuylkill became indebted to him in the sum of
two hundred and sixty-seven dollars and fifty cents, ($267.50)
for fees, otherwise legally due and payable by said county to
said plaintiff for services duly rendered during the month of
January, 1891.

" That said defendant admits the correctness of plaintiff's
claim, but contends that plaintiff is affected by the provisions
of the act of the general assembly entitled ' An Act to carry
into effect section 5 of article 14 of the constitution,' etc., ap-
proved March 31, 1876, P. L. 13.   Section 14 of said act pro-
vides inter alia that in the counties to which said act applies
which shall have a population of less than two hundred and
fifty thousand and more than one hundred and fifty thousand
inhabitants each, the salary of the coroner shall be five hundred

dollars. That the population of Schuylkill county by the cen-
sus of 1880 was 129,974 and was ascertained to be 154,163 on
January 7, 1891, according to the certificate of Robert P. Por-
ter, superintendent of census, a copy of which is hereto attach-
ed and made a part of this case stated, filed February 14, 1891,
aforesaid.

" That the average annual compensation, including expenses,
received by the several coroners of said county during the
past ten years, is three thousand four hundred and seventy-six
$\frac{88}{100}$ dollars, and that five hundred dollars would be a diminu-
tion of his emoluments.

" That plaintiff contends that the act of 1876 (supra) does
not apply to him, because, if so applied, his fees or emoluments
would be diminished after his election, and therefore would be
in violation of law, and of sec. 13, art. 3, of the constitution
of Pennsylvania.

" If the court be of the opinion that the said act of 1876 ap-
plies to plaintiff, and is not when so applied in violation of his
rights and in violation of sec. 13, art. 3, of the constitution
of Pennsylvania, then judgment to be entered for the defend-
ant, but if not, then judgment to be entered for the plaintiff
for the sum of two hundred and sixty-seven $\frac{50}{100}$ ($267$\frac{50}{100}$)
dollars. The costs to follow the judgment and either party
reserving the right to sue out an appeal."

The court below entered judgment for the defendant in an
opinion by PERSHING, P. J., in which he held that the case was
within the act of March 31, 1876; and that § 13, art. III, of
the constitution of 1874, was to be construed to mean that no
law passed after his election or appointment shall extend the
term of any public officer or increase or diminish his salary or
emoluments, citing Peeling v. County of York, 113 Pa. 108.

The court sealed an exception for the plaintiff; but no as-
signment of error is given in his paper book.

*Henry W. Palmer* and *John G. Johnson, George M. Roads*
with them, for appellant.

The act of March 31, 1876, was of no validity for any pur-
pose as to Schuylkill Co. until the contingency arose which
precipitated its operation on Jan. 7, 1891: Endlich on Int.
of Stat. § 499 and nn. 132–3; and § 181 n. 159; Clark v.

Rochester, 24 Barb. (N. Y.) 466; People v. Johnston, 6 Cal. 673; Price v. Hopkin, 13 Mich. 318; Cooley's Const. Lim., 2d ed. *156; Harding v. People, 15 Pac. Rep. 727; Sedgwick on Const. of Stat. 67, n. A; Rice v. Ruddiman, 10 Mich. 125; Fosdick v. Perrysburg, 14 Ohio, St. 472; Potter's Dwarris on Stat. & Const. 162, n. 9; Com. v. Troxel, 20 W. N. C. 549; Dewart v. Purdy, 29 Pa. 113. Considered as enacted January 7, 1891, instead of in 1876, the act does not apply to the plaintiff under § 13, art. III of the constitution: Apple v. Crawford Co., 105 Pa. 300. Moreover § 18 excludes " present incumbents; " so that, considered as an act of 1891, it would not apply to the plaintiff: Monroe v. Luzerne Co., 103 Pa. 278.

Section 13 of art. III. of the constitution is to be read as it is written; and so read, it protects the plaintiff against a diminution of his emoluments during his term.

*J. F. Minogue*, for appellee.—The prohibition of § 13 of art. III of the constitution is directed against action by the legislature *after* an officer's election or appointment. An act passed *before* his election or appointment which will operate upon a certain contingency is unobjectionable: Baldwin v. Phila., 99 Pa. 170; Endlich on Int. of Stat. § 499; Locke's Appeal, 72 Pa. 495; Bell v. Allegheny Co., 10 C. C. Rep. 597; Darte v. Luzerne Co., 10 C. C. Rep. 604; Pierie v. Phila., 139 Pa. 573; Rymer v. Luzerne Co., 142 Pa. 108.

The provision, that the act of 1876 shall take effect on the expiration of the terms of the " present incumbents," plainly refers only to those in office at the time of its passage.

OPINION BY MR. JUSTICE HEYDRICK, May 16, 1892:

The plaintiff was elected to the office of coroner of Schuylkill county, at the general election in 1889, and entered upon his official duties on the first Monday of January, 1890. By the then last federal census the population of that county was 129,974, and that must, in the absence of any legislative provision for otherwise ascertaining the fact, be deemed and taken to have been the population at the time of the plaintiff's election and induction to office: Luzerne County v. Glennon, 109 Pa. 564. By the federal census, taken as of the first day of June, 1890, it appears that the county at that date contained over 150,000 inhabitants. Out of these facts arises the ques-

tion whether the plaintiff, upon the ascertainment of the fact that the population exceeded 150,000, became subject to the provisions of the act of March 31, 1876, passed to carry into effect § 5 of art. XIV of the constitution, or whether he was entitled to continue to receive the fees appointed by law to be paid to him at the time of his election. The solution of this question depends upon the proper construction of the section of the constitution just referred to, which ordains that " the compensation of county officers shall be regulated by law," and that, " in counties containing over 150,000 inhabitants, all county officers shall be paid by salary."

It is a familiar canon of construction that one part of a statute must be so construed that the whole may, if possible, stand ; and this is equally applicable to the construction of the organic law of the commonwealth. A single provision may not be selected out of several relating to the same subject, and full literal meaning given to its words without reference to the qualifying effect of other provisions, and thus produce an apparent repugnance of one provision to another. On the contrary, all the provisions relating to a particular subject, and all others qualifying such provisions, no matter where they may stand in the constitution, are to be grouped together, when considering such subject, and so read that they may blend or stand in harmony, if that can be done without violence to the language. The subject now under consideration is the compensation of county officers. The mandate of § 5 of art. XIV, which relates to that subject, is that such compensation shall be regulated by law. Any limitation upon the law-making power upon this subject, though appropriately placed in the article upon legislation, would necessarily be a qualification of this mandate, and should be read in connection with it. Such limitation is found in § 13 of art. III, which ordains that " no law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment." Reading so much of the two sections as relate to the subject under consideration together, they are literally as follows : " The compensation of county officers shall be regulated by law, (and) in counties containing over 150,000 inhabitants all county officers shall be paid by salary ; (but) no law shall increase or diminish his (a public officer's) salary or emoluments

after his election or appointment." No paraphrase of this language can make it any plainer as applicable to the present case. When the plaintiff was elected to the office of coroner of Schuylkill county, the emoluments of that office were certain fees prescribed by law. At that time the salary act of 1876 had no application to him or to his office. To give it such application after part of his term had expired, and thereby take away his fees and substitute therefor a salary less than the aggregate amount of the fees authorized when he accepted the office, is to diminish his emoluments by law after his election, and the result is precisely the same as it would have been if the law had been passed after his election. The prohibition has no relation to the time of the passage of the law, but is directed against any change of salary or emoluments of an officer after his election. No doubt the abuse of legislative discretion, witnessed in the enactment of laws extending official terms and increasing the emoluments of office in response to the demands of organized office holders, was one of the considerations that moved the adoption of § 13, art. III, but it furnished no reason for that part of the section which forbids a diminution of the emoluments of an office after the right to the office has attached. A sense of the manifest justice, on the one hand, of continuing to an officer the compensation prescribed by law at the time of his acceptance of office, and, on the other hand, of holding him to the performance of his official duties for what, in an equitable sense, might be regarded as an agreed consideration, as well as of the inconvenience of a transition from the fee system to that of salaries in the middle of a term and year, may well have had an influence in molding this section.

The judgment of the court below is reversed, and judgment entered in favor of the plaintiff upon the case stated.