## Etter, Appellant, *v.* McAfee.

*Public officers—Auditor General—Term of office—Amendment of Section 21, Article IV, of the Constitution.*

1. The amendment of Section 21, Article IV, of the Constitution, fixing the term of the Secretary of Internal Affairs, the Auditor General and the State Treasurer at four years each, is to be construed with reference to the other amendments adopted at the same time relating to the election of State officers in even numbered years. As thus construed the term of the Auditor General elected in November, 1909, was not enlarged by the amendment of Section 21, Article IV, to four years, but remained at three years, expiring on the first Tuesday in May, 1913, and the election of his successor was fixed to take place at the general election on November 5, 1912, to serve for a term of four years.

2. The provision in the amendment of Section 21, Article IV, that "a state treasurer, elected in the year 1909, shall serve for three years, and his successors shall be elected at the general election in 1912, and every fourth year thereafter," was necessary to make the election of the State Treasurer fall in an even numbered year, and had no application to the Auditor General as to whom no such necessity existed.

Argued Oct. 8, 1912. Appeal, No. 1, May T., 1913, by plaintiff, from decree of C. P. Dauphin Co., Equity

Docket No. 494, dismissing bill in equity in case of George E. Etter v. Robert McAfee, Secretary of the Commonwealth of Pennsylvania, et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction.
The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*Lyman D. Gilbert* and *John G. Johnson,* with them *Frederic W. Fleitz,* for appellant.—The amendment increasing the length of term was in effect at the moment of the election of Mr. Sisson: Com. v. Griest, 196 Pa. 396.

It is the affirmative vote of a majority of the electors of this Commonwealth which adopts an amendment to the Constitution; and, in the absence of constitutional language deferring the operation of an amendment adopted by a majority of the electors, such amendment becomes effective and operative on the day when the majority of the votes shall have been cast in favor of its adoption: Commonwealth v. Sheatz, 228 Pa. 301; Etter v. McAfee, 229 Pa. 315; Commonwealth v. McAfee, 232 Pa. 36; Meisel v. O'Neil, 233 Pa. 213; Commonwealth v. O'Neil, 233 Pa. 218.

His election was for the length of term prescribed by the Constitution then in force, i. e. for the period of four years: State v. Williams, 49 Miss. 640; In re Advisory Opinion of the Governor, 34 Fla. 500 (16 So. Repr. 410) ; Baker v. State, 24 S. W. Repr. 31; Nesbit v. People, 19 Colo. 441 (36 Pac. Repr. 221) ; Peak y. Swindle, 68 Tex. 242 (4 S. W. Repr. 478).

The amendment was in force when Mr. Sisson was elected: Etter v. McAfee, 229 Pa. 315; Com. v. McAfee, 232 Pa. 36; Meisel v. O'Neil, 233 Pa. 213.

But even if this constitutional amendment had not been in effect at the time that A. E. Sisson was elected Auditor General and was passed thereafter, it is now in existence; and it certainly has the effect of lengthening his term from three to four years: Meisel v. O'Neil, 233 Pa. 213.

The contention of the appellant that the term of the Auditor General is for the period of time commencing with the first Tuesday of May, 1910, and that the Auditor General and State Treasurer were not intended to be, and are not to be, elected at the same general election is in accordance with the long established policy of our State, which this court has always considered and enforces in the interpretation of constitutional provisions: Com. v. McAfee, 232 Pa. 36; Sugar Notch Borough, 192 Pa. 349; Road in Phœnixville, 109 Pa. 44; Guldin v. Schuylkill County, 149 Pa. 210; Commonwealth v. Griest, 196 Pa. 396; Commonwealth v. Mathues, 210 Pa. 372.

*John C. Bell,* Attorney General, and *D. T. Watson,* with them *J. A. Stranahan, Chas. H. Bergner* and *J. E. B. Cunningham,* Deputy Attorney General, for appellees.—The amendment to Section 21, of Article IV, of the Constitution, extending the term of the State office of Auditor General from three years to four years, cannot, under its express terms, be construed to apply to the term of office of the Auditor General elected the same day it was adopted, namely, November 2, 1909, so as to entitle Hon. A. E. Sisson to serve in said office until May, 1914.

Even if your honorable court should be of opinion that as a matter of law, it is possible to hold that the amendment adopted November 2, 1909, could apply to the term of the Auditor General elected on the day of its adoption, we earnestly contend that the people, in adopting the amendments of 1909, have shown beyond

question that it was not their intention that the Auditor General elected on November 2, 1909, should hold his office for the term of four years.

The rule that one part of a statute must be so construed that the whole may, if possible, stand, applies to the Constitution: Guldin v. Schuylkill County, 149 Pa. 210; Com. v. Mathues, 210 Pa. 372; Road in Phœnixville, 109 Pa. 44.

The only way in which all the amendments can be construed together as forming one consistent enactment is to hold that the people intended that neither the extended term for the office of Auditor General nor that for the office of State Treasurer should apply to the officers elected in November, 1909, but of necessity made a special provision for the State Treasurer elected that year.

Where a constitutional provision prescribing the term of a public office is uncertain or doubtful in its construction, that interpretation will be adopted which limits the term to the shortest time: Mechem's Public Offices and Officers, Section 390; Wright v. Adams, 45 Texas 134.

OPINION BY MR. JUSTICE MESTREZAT, October 17, 1912:

This is a taxpayer's bill to restrain the Secretary of the Commonwealth from transmitting to the Commissioners and Sheriffs of the various counties of the State the names of certain nominees or candidates for election to the office of Auditor General to be voted for at the general election to be held on November 5, 1912, and to restrain the County Commissioners and Sheriff of Dauphin County from printing the names of such nominees or candidates upon the official ballot to be furnished at said election, or making proclamation for the election of Auditor General. The defendants demurred to the bill, and the case was heard in the court below on the bill and demurrer thereto. The assignments of

error raise the single question: Does the term of the present Auditor General end upon the first Tuesday of May, 1913, or the first Tuesday of May, 1914?

Under the Constitution of 1874, an annual election was held in February at which local officers were elected, and in November at which State officers were elected. The primary purpose of the several amendments to the Constitution adopted in 1909, as they disclose and as is conceded, was to abolish the February election, and to provide for one election in each year to be held in November, the election in even-numbered years to be known as a general election at which State officers were to be elected, and the election in the odd-numbered years to be known as a municipal election at which county and local officers were to be elected. By the change made by the amendments, biennial in place of annual elections will be held for State as well as local officers. The change in the time for holding elections necessarily required an adjustment of the length of the terms of some of the officers so that official terms would expire at a time at which the officers could be elected at an election appropriate to the several offices.

Under the former Constitution, the Secretary of Internal Affairs held his office for four years, the Auditor General for three years, and the State Treasurer for two years. By the amendment to Section 21, Article 4, the terms of the Secretary of Internal Affairs, the Auditor General and the State Treasurer were each fixed at four years, and those officers were to be chosen at general elections. An Auditor General and a State Treasurer were elected at the November election of 1909 at which the amendments to the Constitution were submitted for adoption. It is apparent that an adjustment of the length of the terms of both officers was necessary to enable the people to vote for their successors at the appropriate election under the amendments. The Secretary of Internal Affairs was elected in November,

VOL. CCXXXVII—36

1906, and his successor was elected in November, 1910, an even-numbered year, as required by the amendment. The Auditor General's term was three years and having been elected in 1909, his successor will be elected in 1912, an even-numbered year, at which the office could be filled by an election. It was different, however, with the State Treasurer. His term was for two years under the prior Constitution, and having been elected in November, 1909, the term expired in May, 1912, necessitating the election of his successor in November, 1911, an odd-numbered year, at which, under the amendments, he could not be elected. It was therefore necessary to provide that the two-year term for which the State Treasurer was to be elected in November, 1909, should be shortened so his successor could be elected in the even-numbered year of 1910 or lengthened so he could be elected in the even-numbered year of 1912. The draughtsman recognizing the necessity for such a provision regulating the election of a State Treasurer inserted the following in the amendment to Section 21 of Article IV: "but a State Treasurer, elected in the year one thousand nine hundred and nine, shall serve for three years, and his successor shall be elected at the general election in the year one thousand nine hundred and twelve, and in every fourth year thereafter." His term was thus lengthened and special provision made for the election of his successor in 1912, an even-numbered year. Under the amendments, as thus construed, the terms of the Secretary of Internal Affairs, Auditor General and State Treasurer would expire at such times as would permit successors in the offices to be elected in even-numbered years as is required by the amended Constitution.

It is contended by the appellant that the amendment to Section 21, of Article IV, made the term of the present Auditor General four years, and that he is entitled to hold the office until May, 1914. This contention is

based on the theory that the amendment became operative when it was adopted, and fixed the term of the Auditor General at four years, regardless of the other amendments adopted at the same time. As his successor must be elected, if this contention be correct, in an even-numbered year which would be in November, 1914, the effect of the appellant's contention is to create a vacancy in the office from May, 1914, to May, 1915, to be filled by appointment by the Governor. But it is a settled rule of construction that every part of a Constitution must be given effect, if it can possibly be done without doing violence to the language of the instrument. A single provision may not be selected out of several relating to the same subject, and a full literal meaning given to its words without reference to the qualifying effect of other provisions, and thus produce an apparent repugnancy of one provision to another: Guldin v. Schuylkill County, 149 Pa. 210, 214. Standing alone and not qualified or controlled by the other amendments, Section 21, of Article IV, as amended, might well be construed to justify the contention that the section gave to the present Auditor General a term of four years, expiring in May, 1914. But, as observed, the rule of construction does not permit us to interpret this section of the Constitution without seeking light from the other parts of the instrument. When this is done, it is seen that such a construction would defeat the manifest intention of the several related constitutional amendments adopted in 1909. The constitutional intention in the adoption of Section 21, Article IV, must therefore be determined by a consideration of the several related amendments adopted at the same time. This amendment must be read with and as part of the amendments which provide for biennial elections and that State officers shall be elected in even-numbered years. These amendments are so closely related that they must be read as one in order to accomplish the

primary purpose in making the change in the organic law. If they are construed separately and literally, there is a manifest conflict between them. If, as contended by appellant, the present Auditor General is entitled to a four-year term, the provision in the amendment that his successor shall be chosen at a general election cannot be given effect without creating a vacancy in the office to be filled by appointment. The primary purpose of the several amendments is therefore defeated. The established rule of constitutional construction, as already noted, does not permit such interpretation. On the other hand, if the present Auditor General was elected for three years, the term fixed by the old Constitution, his successor will be elected in 1912, an even-numbered year, as required by the amendments. This construction makes the proposed system created by the several amendments harmonious, and carries out the manifest purpose of the electors in adopting them.

We do not agree with the appellant as to the inference to be drawn from the provision fixing the State Treasurer's term in the amendment to Section 21, Article IV. It is said, arguendo, in support of his position, that if no special provision in the section had been made for the present State Treasurer that both he and the present Auditor General would serve four years, their terms expiring in 1914, that the amendment diminishes the State Treasurer's new term and does not extend his former term, and that if it applies to the State Treasurer it also applies to the Auditor General and extends his term to four years. Whether the purpose of the special provision was to diminish a four-year term or extend the former two-year term of the Treasurer is immaterial in view of the language which supports one as well as the other contention and declares "that a State Treasurer elected in the year 1909 shall serve for three years, and his successor shall be elected at the general election

in the year 1912 and in every fourth year thereafter."
This provision unquestionably applies in terms to the
State Treasurer elected in 1909 and requires his suc-
cessor to be elected in 1912 for a four-year term, but it
does not follow, as argued, that the section applies to
the Auditor General elected in 1909 so as to fix his term
at four years. As suggested above, that contention
would have a substantial basis, if this amendment were
read alone, in view of the fact that it became operative
at the date of its adoption in 1909. The contention,
however, overlooks the fact that another amendment of
like force and effect, adopted at the same time, requires
the three State officers to be elected in even-numbered
years which did not require a change in the length of the
existing terms of the Secretary of Internal Affairs and
Auditor General, but did necessitate a change in the
length of the term of the State Treasurer to make his
successor elective in an even-numbered year. Special
provision had therefore to be made as to the term of the
State Treasurer elected in 1909 so as to accomplish the
purpose of the several amendments establishing bien-
nial elections. The first even-numbered year after the
adoption of the amendments at which an election for
State Treasurer could take place was 1910, but this
would have made the length of the term of that officer,
elected in 1909, but one year, which would not have been
in accord with the declared policy of extending the
former term. The next even-numbered year at which he
could be elected was 1912, making his term three years,
which would have been nearer the new constitutional
term and beyond which an election could not take place
without exceeding the four-year term. The amendment
to Section 21, of Article IV, therefore met the necessity
for a change in the existing term of the State Treasurer
by the special provision contained therein by fixing the
term at three years so that his successor could be elected
at a general election in an even-numbered year.

The argument of the appellant that it was not the constitutional intention that the terms of the State Treasurer and Auditor General should be coterminous is not supported by any alleged policy of the State nor by anything contained in any of the amendments. It is true that prior to the present Constitution, the length of the terms of the two officers was not the same, but the reason is not to be found in "the long established policy of the State." Under the prior Constitution the terms of the two officers were not of the same duration, but it did not establish a policy that the officers should be elected at different elections, because it did not have that effect, as appears by the list of Auditors General and State Treasurers, contained in appellant's paperbook, since the treasurer became elective under the Constitution of 1874. With this list before the draughtsman he knew that the practical operation of making a difference in the length of the terms of the two officials did not at all times make them elective at different elections, and it cannot therefore be presumed that such was the intention in adopting the amendments. Had it been so desired, the purpose could and would have been accomplished by inserting in the amendment a plain and unequivocal declaration to that effect. A matter so important and in conflict with the whole tenor of the several amendments would not have been left to conjecture and judicial construction.

The amendment to Section 8, of Article IV, providing for filling vacancies in the several offices, was not made with special reference to filling vacancies created by the adoption of the several amendments in 1909. The schedule was adopted to prevent such vacancies in office as might arise from the changes made by the amendment, and, as it declares, to carry the amendments into complete operation. Presumably, therefore, no vacancies would occur by reason of the changes in the time of

holding the elections and the extension of the terms of the several officers.

The majority of the court are of opinion that under the familiar rule of interpretation the several amendments to the Constitution adopted at the November election of 1909 must be construed together, and therefore that under Section 21, of Article IV, construed with reference to the purpose and in the light of the other amendments, the Auditor General was intended to be elected at the election in November, 1909, for a term of three years, and that his successor should be elected at the November election in 1912.

The decree of the court below dismissing the plaintiff's bill is affirmed.