## Tyler v. Wyoming County

*Trembath & Farr*, for plaintiff.

*Davis R. Hobbs*, county solicitor, for defendant.

FARR, P. J., March 23, 1939.—This is the disposition of legal questions raised in an affidavit of defense in the nature of a statutory demurrer.

The statement avers in effect that plaintiff was duly elected county commissioner in 1935 and has been acting as such since January 1, 1936. It also avers that by virtue of his office as county commissioner he has been ex officio director of the poor for this county since he took office as county commissioner. He further avers that since June 24, 1937, plaintiff has been acting as executive and administrative officer of the Wyoming County Institution District; that the county commissioners employed him in the administration of the County Institution District Law of June 24, 1937, P. L. 2017, from January 1, 1938, until December 31, 1939, at an annual salary of $300;

and that plaintiff has performed all the duties of the office of director of the poor, executive, and administrative officer of Wyoming County Institution District, and as employe of Wyoming County Institution District. He claims that he is entitled to the annual salary of county commissioner of $800 per year, as executive and administrative officer of the institution district, $300, and as employe of' the institution district, $300, making in all $1,400 per year. He claims a balance of $600 due on January 1st and the balance of $50 due for the 1939 salary, making a total of $650.

The affidavit of defense raises questions of law to the effect that the salary of a county commissioner under the Act of June 7, 1917, P. L. 570, is $500 per year, except where the commissioners act as directors of the poor, in which case it is $800 per year, and that the County Institution District Law, supra, abolished the office of poor director and substituted therefor the office of institution director, making provisions for the same compensation for the officer of the institution district as was received by the poor directors. It is therefore urged that the compensation of the county commissioners had not been changed.

Formerly each borough and township of Wyoming County comprised a separate poor district. The Act of May 14, 1925, P. L. 762, abolished these districts and constituted the county a poor district. The Act of April 7, 1927, P. L. 148, provided "That where county poor districts were first created under this act [1925, P. L. 762] as county poor districts, the county commissioners shall be ex officio directors of the poor." So we may conclude that immediately before the effective date of the County Institution District Law of 1937 our county commissioners were ex officio directors of the poor; that is, by right of office without other special authority.

The Act of 1917, supra, provided, "That the salaries of each member of the board of county commissioners in the

several counties of this Commonwealth shall be as follows:

"In counties having a population of less than twenty thousand, five hundred dollars; and, where such commissioners are also directors of the poor, then eight hundred dollars."

Article III, sec. 302, of the County Institution District Law provides:

"The commissioners of each county shall be the executive and administrative officers of the institution district of that county, and the county treasurer shall be its treasurer. The office of county poor director is hereby abolished and the terms of the poor directors now in office are hereby terminated. The commissioners shall, however, employ each of the present *paid* county poor directors until his existing term of office shall expire, in the administration of this act, paying him his present annual salary, and if he now receives no fixed annual salary, then such salary as may be fixed by the commissioners." Section 303 provides:

"For services as an officer of an institution district, each commissioner of a seventh class county shall receive an additional annual salary of eight hundred dollars, and each commissioner of an eighth class county shall receive an additional salary of three hundred dollars. In every other county the commissioners, and in every county the treasurer, shall receive no additional compensation for services to the institution district. In every county the commissioners and treasurer shall be allowed their necessary expenses incurred in services for the institution district." Article III, sec. 13, of the Pennsylvania Constitution provides:

"No law shall extend the term of any public Officer, or increase or diminish his salary or emoluments, after his election or appointment."

We hold that our commissioners were not "present *paid* county poor directors" referred to in section 302 of the Act of 1937. They received their salary as county com-

missioners and not as poor directors, the amount being contingent upon their being also poor directors. When the Institution District Law of 1937 became effective, the business of the poor districts in 32 counties was being administered by "present paid county poor directors" who were not county commissioners and who were in office for definite unexpired terms. It is this class of poor directors referred to in section 302 as "present paid county poor directors". Therefore, we must conclude that the commissioners could not employ themselves at any salary under this section.

Section 303, when it became effective, was calculated to meet the constitutional requirements and leave the commissioners just where it found them as to salary.

We are aware that the office of poor director is a public office falling within the protection of the Constitution: Commonwealth ex rel. v. Moffitt, 238 Pa. 255; Tucker's Appeal, 271 Pa. 462. It being a legislative, rather than a constitutional office, it may be abolished at any time by the legislature: Commonwealth ex rel. v. Weir, 165 Pa. 284.

Where the amount of compensation rests upon a contingency such as an increase or decrease of population, the salary at the time of the election must prevail during the term, irrespective of change in population: Guldin v. Schuylkill County, 149 Pa. 210; Commonwealth ex rel. v. Walter, 274 Pa. 553.

Therefore, we must agree with plaintiff that the happening of the contingency, viz., that the legislature repealed the Poor Law of 1925 and abolished the office of poor director, could not reduce the salaries of the county commissioners to $500. If no provision had been made in section 303 of the Act of 1937 for the restoration of the $300, we would be bound to hold that the salary was still $800.

A careful reading of this section indicates that the $300 additional, which he receives for services as an officer of the institution district, is salary of a county commissioner.

The effective date of the County Institution District Law of June 24, 1937, P. L. 2017, was January 1, 1938. On that date the county commissioners were no longer directors of the poor and therefore their salary provided by the Act of June 7, 1917, P. L. 570, was $500. On that day, however, the Act of 1937 became effective and an additional $300 was provided for commissioner's salary. Therefore, there was no change in salary. The net result of the act so far as the commissioners are concerned is simply a change of name from poor directors to officers of the institution district.

We sustain the questions of law raised by the affidavit of defense and order that judgment be entered for defendant unless a supplemental statement be filed within 15 days.