403 A.2d 1314

Douglas W. FERGUSON, Plaintiff,

v.

Frederic WAGNER, Treasurer of Crawford County; Oakley M. Lamb, Harry T. Kerr and Harold B. Turner, Commissioners of Crawford County, Defendants.

Supreme Court of Pennsylvania.

Argued March 12, 1979.

Decided June 29, 1979.

Paul E. Allen, Meadville, for plaintiff.

Robert B. Dornhaffer, Meadville, for defendants.

Lance H. Lilien, Deputy Atty. Gen., Harrisburg, for amicus curiae.

EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

The part-time District Attorney of Crawford County, Ballard Smith, resigned from office in August, 1976. The Court of Common Pleas of Crawford County appointed plaintiff, Douglas Ferguson, to serve until January, 1980, the remainder of Smith's unexpired term. On September 1, 1976, plaintiff took office. Since taking office, plaintiff has served as the part-time district attorney and has received the annual salary for his office fixed by Act No. 113 of November 1, 1971.[1]

On July 27, 1978, plaintiff filed a complaint in mandamus in the Court of Common Pleas of Crawford County, seeking a writ of mandamus directing the Crawford County Treasurer and, by amendment, the Crawford County Commissioners, to pay plaintiff a claimed increased salary under Act No. 223 of October 7, 1976.[2] Defendants filed preliminary objections in the nature of a demurrer. Before the court of common pleas ruled on defendants' preliminary objections, plaintiff petitioned this Court to assume plenary jurisdiction and in December, 1978, this Court granted the petition. This case and *Bakes v. Snyder,* 486 Pa. 80, 403 A.2d 1307 (1979), were argued together.

[1]. Act of November 1, 1971, P.L. 495, §§ 1 et seq. Crawford County is a county of the sixth class.

[2]. Act of October 7, 1976, P.L. 1101, §§ 1 et seq., 16 P.S. §§ 11011–1 et seq. (Supp. 1978).

Section 2 of Act 223 provides that the salaries fixed therein take effect as of October 7, 1976 "when permitted by the Constitution of the Commonwealth of Pennsylvania." Article III, § 27 of the Constitution of Pennsylvania (1968) expressly provides that "[n]o law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment." In *Bakes v. Snyder*, supra, this Court concluded that article III, § 27 (1968) precludes the Lehigh County Sheriff, Recorder of Deeds, Register of Wills, Prothonotary, Clerk of Courts, and Coroner, in office as of the effective date of Act 223, from receiving the salaries set forth in that Act. Plaintiff, also in office when Act 223 became effective, also claims a right to the increased salary fixed by Act 223. He makes arguments substantially identical to those presented and rejected in *Bakes*. The established constitutional principles adhered to in *Bakes* control our disposition here. Plaintiff, just as the plaintiffs in *Bakes*, must be denied the requested relief.

Plaintiff's request for a writ of mandamus is denied.

LARSEN, J., dissents and notes that the officials are clearly entitled to the cost-of-living increase.