## Pollock v. County of Greene

*David F. Pollock,* for plaintiff.
*William Nalitz,* for defendant.

GRIMES, *P.J.,* January 14, 1994—On May 18, 1993, District Attorney David F. Pollock filed a petition for a writ of mandamus requesting an increase in salary. The following facts have been stipulated to by the par-

ties. The plaintiff took office as the part-time district attorney of Greene County on January 4, 1988 with an annual salary of $40,000, set pursuant to Act no. 74 of 1987 (Act). On November 1, 1989, the Board of Commissioners of Greene County, at a duly advertised special public meeting, resolved that all county officials, except the district attorney, would receive pay raises at 30 percent, effective January 1, 1990. Additional raises of 5 percent, effective January 1, 1991, and 3 percent, effective January 1, 1992, were also passed at the November 1, 1989 meeting. The plaintiff was re-elected as district attorney in November of 1991 and sworn into office on January 4, 1992. On December 16, 1992, Public Law 167 was passed, which raised the compensation of court of common pleas judges to $90,000 per year. 42 Pa.C.S. §3581. The parties also stipulate that the salary of part-time district attorneys in sixth class counties is fixed by law at 50 percent of the annual salary of a judge of the court of common pleas. (16 P.S. §11011-5.) Both parties have filed briefs and waived oral argument.

Prior to the Act, the salaries of district attorneys were established by the county commissioners. (16 P.S. §11011-5.) Since the passage of the Act, the district attorney has been paid consistent with the formula set forth therein.

The defendant has denied any salary increase to the plaintiff based upon Article III, section 27 of the Pennsylvania Constitution, which states: "No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment." Further, section 5 of the Act states that "sections 2 and 3 shall apply when permitted by the Constitution of Pennsylvania." The plaintiff argues that he is a quasi-

judicial officer and he is therefore removed from the boundaries of section 27. He relies on the language of *Commonwealth v. Nicely,* 130 Pa. 261, 18 A. 737 (1889), which states:

"The district attorney is a quasi judicial officer. He represents the commonwealth, and the Commonwealth demands no victims. It seeks justice only, equal and impartial justice, and it is as much the duty of the district attorney to see that no innocent man suffers as it is to see that no guilty man escapes. Hence, he should act impartially. He should present the commonwealth's case fairly, and should not press upon the jury any deductions from the evidence that are not strictly legitimate. When he exceeds this limit, and in hot zeal seeks to influence them by appealing to their prejudices, he is no longer an impartial officer, but becomes a heated partisan." *Id.* at 270.

*Nicely* deals with the conduct and duties of the office of district attorney but does not address the method of compensation. In contrast, the Pennsylvania Supreme Court in *Ferguson v. Wagner,* 486 Pa. 93, 403 A.2d 1314 (1979), specifically held that part-time district attorneys are subject to the stricture of section 27 of Article III. In *Ferguson,* the part-time district attorney of Crawford County requested a pay raise after being appointed to office, the court denied the plaintiff's mandamus and the Pennsylvania Supreme Court affirmed, relying on Article III, section 27 of the Pennsylvania Constitution. *Id.* at 95, 403 A.2d at 1315.

The plaintiff also relies on *Commonwealth ex rel. v. Corrigan,* 75 D.&C.2d 533 (1976), for the proposition that a district attorney is out of the reaches of Article III, section 27 of the Pennsylvania Constitution. However, in *Corrigan,* when the controller of Bucks County

refused to pay the district attorney of Bucks County an increase in salary when the county commissioners changed his status from part-time to full-time, the court of common pleas granted the mandamus ordering that the district attorney should receive full-time pay for full-time work. *Id.* at 542. The *Corrigan* court held that section 27 was not violated because the increase in salary was based upon a substantial change in duties, and that there was no law enacted that increased the salary of the district attorney. *Id.*

The present case presents an entirely different issue in that there is no change of duties of the district attorney. The Constitution of Pennsylvania in Article III, section 27 "is inexorable and may not be avoided by indirection." *Bakes v. Snyder,* 486 Pa. 80, 91, 403 A.2d 1307, 1313 (1979).

In the alternative, plaintiff argues that he should have the same percentage increase applicable to other county officials as determined by the commissioners pursuant to 16 P.S. §11011-10.1. As stated above, the salary of the district attorney is fixed by Act no. 74 of 1987. (16 P.S. §11011-5.) It is clear that the legislature intended to remove salary discretion from the county commissioners, and absent any superceding law, the statute must be recognized.

Although circumstances indicate a prima facie inequity, our constitution prohibits the district attorney from receiving a pay increase during his current term of office.

## ORDER

And now, January 14, 1994, it is ordered that the plaintiff's request for writ of mandamus is denied.