730 A.2d 953

J. Michael EAKIN

v.

Earl R. KELLER, Nancy A. Besch, and Marcia L. Meyers, Commissioners of Cumberland County, and Alfred L. Whitcomb, Controller of Cumberland County,

Appeal of Alfred L. Whitcomb, Controller of Cumberland County.

Supreme Court of Pennsylvania.

Argued Dec. 10, 1997.

Decided May 21, 1999.

James D. Bogar, Shiremanstown, for appellant, Alfred L. Whitcomb.

Hubert X. Gilroy, Carlisle, for appellee, J. Michael Eakin.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ

### *OPINION*

ZAPPALA, Justice.

This case presents the question of what salary the district attorney of Cumberland County was entitled to receive in the years 1987 through 1995. The common pleas court denied the district attorney's declaratory judgment action claiming entitlement to certain increases. Commonwealth Court reversed in part. We now reverse that portion of the Commonwealth Court's order and reinstate the judgment of the common pleas court.

In January of 1988, J. Michael Eakin began his second term as the district attorney of Cumberland County. At that time the office was a part-time position, with an annual salary of $48,000. Effective June 5, 1989, the office became a full-time position pursuant to Ordinance 89–3 adopted by the county commissioners in accordance with the County Code, 16 P.S. § 1401(a), and Eakin began receiving $79,000 per year, $1,000 less than the salary of a common pleas judge. See 16 P.S. § 1401(g). Eakin was again re-elected in November of 1991

and commenced his third term as district attorney in January of 1992.[1]

Eleven months after Eakin's third term commenced, the General Assembly amended Chapter 35 of the Judicial Code by Act 167 of 1992, which was approved and made effective December 18, 1992, adding Section 3581 providing for judicial salaries. Subsection (d)(2) set the salary of common pleas court judges at $90,000. Subsection (I) provided a true annual cost-of-living adjustment as follows: "Beginning January 1, 1994, and each January 1 thereafter, the annual salaries under subsections (a) through (h) shall be increased by the percentage increase in the Consumer Price Index for Urban Workers for the immediate preceding twelve-month period." According to Section 8 of Act 167, "Any increase in the compensation of any official provided for in this act shall commence when permitted by the Constitution of Pennsylvania." [2]

On August 23, 1993, Eakin filed a declaratory judgment action against the commissioners and controller of Cumberland County, asserting that (1) retroactive to the effective date of Act 167, he was entitled to receive a salary of $1,000 less than the compensation paid to a judge, such that whenever judges' salaries increased his salary would increase as well; (2) in the alternative he was entitled to annual percentage salary increases from June of 1989 pursuant to Cumberland County Ordinances 85–2 and 89–1; [3] and (3) he was entitled to

1. Eakin was elected judge of the Superior Court in November of 1995 and has served in that capacity since January of 1996.

2. Section 3581 of Title 42 of the Pennsylvania Consolidated Statutes was repealed by Section 5 of Act 51 of 1995, which amended the Public Official Compensation Law, Act of September 30, 1983, P.L. 160, No. 39, 65 P.S. § 366.1 et seq. Pursuant to Section 1 of Act 51 of 1995, judicial salaries are now provided for in Section 2.1 of the Public Official Compensation Law, 65 P.S. § 366.2a.

3. Ordinance 85–2, adopted on August 27, 1985, applied to elected county officers, including the district attorney, and established a salary schedule for the years 1988 through 1991, fixing the salary for each year at 5% greater than the salary for the previous year. The ordinance included a "finding" that Article III, Section 27 "prohibits the implementation of an increase in the salary of an elected officer after his election or appointment," thus the Board determined "it must act at this time to provide increases for the County officers to be elected in

have his pension plan adjusted as of June of 1989 to a value comparable to that of a common pleas court judge because the term "compensation" in 16 P.S. § 1401 should be construed to include pension benefits as well as salary. Following cross-motions for summary judgment filed by Eakin and the controller, the parties filed a stipulation of facts.

The common pleas court held that pursuant to Article III, Section 27 of the Pennsylvania Constitution, Eakin's salary could not be increased during his term either by statute or county ordinance. The court also held that Eakin was not entitled to a change in pension benefits. Although the law stating that a full-time district attorney "shall be compensated at One Thousand Dollars ($1,000) lower than the compensation paid to a judge" was enacted in 1976, and thus would not offend Article III, Section 27 if applied at the beginning of any of Eakin's terms, the court determined that "compensation" in this context clearly means only salary and does not include pension benefits. The court noted that a district attorney, as a county employee, participates in the county pension plan in accordance with the County Pension Law, see 16 P.S. § 11652(2), and that the legislature did not change the County Pension Law when it established the district attorney's compensation at $1,000 lower than a judge's compensation. Accordingly, the court denied the district attorney's motion, granted the controller's motion and adjudged that Eakin was not entitled to any increase in salary or adjustment of pension benefits.

Commonwealth Court reversed the common pleas court order insofar as it denied Eakin a salary adjustment concomitant with the common pleas judges' salary increase. 682 A.2d 410 (Pa.Cmwlth.1996). The court deemed it unnecessary to consider Eakin's claim based on the ordinances, as it was pled in the alternative and premised on denial of the first claim. Finally, the court affirmed the common pleas court order insofar as it denied Eakin a pension adjustment. The control-

1985, else there would be no adjustment to these salaries until 1990." Ordinance 89–1 likewise provided a salary increase of five percent for each year through 1995, but did not include the district attorney in the list of county officers affected.

ler filed a petition for allowance of appeal, which we granted, 547 Pa. 745, 690 A.2d 1164 (1997).[4]

Article III, Section 27 states:

No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment.

The common pleas court relied on *Bakes v. Snyder*, 486 Pa. 80, 403 A.2d 1307 (1979), wherein this Court, having assumed plenary jurisdiction of a mandamus action by certain elected officers of Lehigh County, rejected their claim for a salary increase under a statute enacted ten months after the commencement of their terms. The court also cited *Ferguson v. Wagner*, 486 Pa. 93, 403 A.2d 1314 (1979), decided contemporaneously with *Bakes*, wherein we rejected a similar mandamus claim by the part-time district attorney of Crawford County for a mid-term salary increase pursuant to the same statute.

Commonwealth Court, however, distinguished *Bakes*, reasoning that the statute involved there purported to increase the salaries of the subject officers themselves to a specific monetary amount. Here, on the other hand, the statute in question changed the salary of judges, not district attorneys. Although it had a corollary effect on the salary of full-time district attorneys, it did not change the statutory formula used to determine that salary, i.e., $1,000 less than the compensation of a common pleas judge.

In this appeal, the controller argues, in relevant part, that the reasoning employed by Commonwealth Court is flawed because the court failed to consider the fact that Act 167 was enacted mid-term. In other words, the Act whereby judicial salaries were increased was not effective until eleven months after Eakin's third term had commenced. We agree that the court erred in this regard.[5]

---

4. Eakin did not file a cross-petition for allowance of appeal from the adverse ruling on his claim for increased pension benefits.

5. Based on our further analysis herein, we need not address the specific argument of the controller that the Commonwealth Court's attempt to distinguish *Bakes* was unfounded.

In *Guldin v. Schuylkill County*, 149 Pa. 210, 24 A. 171 (1892), the plaintiff was elected coroner at the election of November 1889 and began his term in January of 1890. At the time he was elected, the last federal census listed the population of Schuylkill County as approximately 130,000 people and accordingly, by law, the coroner was compensated by way of certain fees. In June of 1890, however, the most recent federal census showed the county as having a population in excess of 150,000. The Act of March 31, 1876, established that "in counties containing over 150,000 inhabitants, all county officers shall be paid by salary" and Section 14 of that Act set the salary of the coroner in counties having between 150,000 and 250,000 inhabitants at $500.[6] In January of 1891, the county failed to pay Guldin fees of $267.50, and Guldin sued.

The county argued that after the 1890 census, the Act of March 31, 1876, P.L. 13, became effective in Schuylkill County and required that the coroner be paid a salary rather than fees. We rejected the county's assertion because at the time of the coroner's election, the compensation for his services was set by fee schedule rather than salary. Setting the language of the statute and the language of the constitutional provision side by side, we observed:

> No paraphrase of this language can make it any plainer as applicable to the present case. When the plaintiff was elected to the office of coroner of Schuylkill county, the emoluments of that office were certain fees prescribed by law. At that time the salary act of 1876 had no application to him or to his office. To give it such application after part of his term had expired, and thereby take away his fees and substitute therefor a salary less than the aggregate amount of the fees authorized when he accepted the office, is to diminish his emoluments by law after his election, and the result is precisely the same as it would have been if the law had been passed after his election. The prohibition has no relation to the time of the passage of the law, but is directed

---

6. According to Guldin, the average annual compensation derived from fees over the preceding ten years was approximately $3,500.

against any change of salary or emoluments of an officer after his election.

149 Pa. at 215, 24 A. at 172.[7]

Thirty years later, in *Commonwealth ex rel. Woodring v. Walter*, 274 Pa. 553, 118 A. 510 (1922), we were again confronted with a question of whether a change in the population of a county could trigger a change in the compensation of a county officer. Woodring was elected commissioner of Northampton County in November of 1919 and assumed office in January of 1920. The federal census completed in December of 1920 certified the population of the county as being 153,560, which figure was set forth in a gubernatorial proclamation in March of 1921. Previously, the county population had been less than 150,000. Woodring claimed that under the Acts of June 7, 1917, P.L. 570 and May 10, 1909, P.L. 500, he was entitled to the $4,000 salary set for a commissioner of a county having more than 150,000 inhabitants rather than the $2,500 salary set for smaller counties.

In support of his claim, Woodring argued that "whenever the necessary increase in population appears, the compensation is automatically altered to accord with the new status ... [and] ... the constitutional provision against change in salary is inapplicable, since it arises not from the passage of a new law, but the ascertainment of a fact, which brings into force an earlier statute fixing the amount of pay." *Id.* at 557, 118 A. at 512. As in *Guldin*, we concluded that the relevant time period is the date of election. We went on to state that "[t]he salary of the elective officer is fixed as of the date of his election, and no alteration in the amount thereof is permissible under the Constitution, whether it be attempted by a new law passed thereafter, or by the application of the provisions of an earlier statute...." *Id.*

In light of these cases, as the common pleas court concluded, our decision in *Bakes* prohibits Eakin from receiv-

---

7. This analysis emphasizes that the relevant time period for assessing what the emoluments of a particular office should be is the date of the election or appointment to office rather than events that occur during one's term.

ing a salary increase effectuated by a statute enacted eleven months after his term began.[8]

Having concluded that Commonwealth Court erred in reversing the common pleas court order granting summary judgment in favor of the controller and against Eakin on his claim to a mid-term salary adjustment based on the enactment of Act 167 eleven months after his term began, we turn to the claim not considered by the Commonwealth Court, whether Eakin was entitled to receive annual increases pursuant to county ordinances 85-2 and 89-1. Eakin states that although the district attorney was included in the list of county officers that the 1985 ordinance was made applicable to, the district attorney was not included at all in the 1989 ordinance, which provided annual salary increases for all other county officers. This action, he argues, was in violation of Section 2 of Act 82 of 1979, 16 P.S. § 11011-10.1, the legislation that gave county commissioners the power to fix the salaries of county officers. Specifically, subsection (e) states, "Any salary increase shall be on a percentage basis and applied equally to all county officials...."[9]

Initially, we note that in his complaint, Eakin is only claiming entitlement to percentage increases for the period of June 1989, when he began serving as full-time district attorney, through 1995, when his third term ended. Eakin's Declaratory Judgment, Count II, p. 6. Thus, whether or not he is

8. While the common pleas court stated in footnote 10 of its slip opinion that

> In January, 1996, the newly elected Cumberland County District Attorney will receive a salary at $1,000 lower than the compensation of a judge of the Court of Common Pleas of Cumberland County under 42 Pa.C.S. Section 3581(d)(2), with the applicable cost-of-living adjustments pursuant to Section 3581(l).

Since Eakin was not elected district attorney for a term commencing after the enactment of Act 167, we need not address the propriety of this conclusion.

9. The following was added in 1984: "... except that the county commissioners may provide a greater percentage salary increase to the lowest paid county official, other than the jury commissioners or county auditor, until his salary is equal to the other county officials, except the jury commissioners, county auditors, district attorneys and county commissioners." Act of December 18, 1984, P.L. 1067, No. 212, § 1.

entitled to a percentage increase is governed solely by Ordinance 89–1; Ordinance 85–2 has no application to the time period for which Eakin seeks said increases. Significantly, Ordinance 89–1 became effective on February 9, 1989 and specifically excluded the district attorney from the list of county officers to which it applied. On May 15, 1989, one month before Eakin was appointed full-time district attorney, the Cumberland County commissioners passed Ordinance 89–3, whereby they authorized the appointment of a full-time district attorney in accordance with their authority under Section 1401(g) of the County Code, 16 P.S. § 1401(g), and further set the full-time district attorney's salary as $1,000 less than that of the common pleas court judges, also in accord with Section 1401(g) of the County Code. Thereafter, in June of 1989, Eakin was appointed as the full-time district attorney and received the salary specified in Ordinance 89–3.

Eakin asserts here that the commissioners somehow violated Section 11011–10.1, 16 P.S. § 11011–10.1, when they failed to include the district attorney in the list of county officers entitled to a percentage increase. Obviously, the district attorney was not included by the Commissioners in the list of officers entitled to a percentage increase since they separately set forth the salary of the district attorney in Ordinance 89–3. The commissioners, unquestionably, had the authority, by way of the County Code, to do so and Eakin fails to address the propriety of their action in this regard. Rather, Eakin merely reiterates that the commissioners were required to include him in the list of officers who received annual percentage increases. We disagree.

Based on the foregoing, we conclude that Eakin's salary was properly set by the commissioners prior to his commencing the position as full-time district attorney. He was not entitled to percentage increases by way of Ordinance 89–1 as he was not included in the list of officers to whom the Ordinance applied. Thus, we affirm the common pleas court's decision in this regard.[10]

10. We also point out that were Eakin entitled to receive the annual salary increases pursuant to Ordinance 89–1, an anomalous situation

For the foregoing reasons, the order of the Commonwealth Court is reversed and the judgment of the Court of Common Pleas of Cumberland County is reinstated.

Justice CASTILLE did not participate in the decision of this case.

could result whereby his salary could exceed that of $1,000 less than the salary of common pleas court judges in violation of 16 P.S. § 1401(g).