## Commissioners of Lycoming *versus* The County of Lycoming.

*Personal liability of county commissioners for moneys improperly paid by them.*

1. County commissioners are personally liable for costs paid by their direction before the county has become legally fixed for the payment.
2. The county auditors have power, and it is their duty, on settlement of the commissioners' accounts, to charge them with the amount of money misappropriated by them.

ERROR to the Common Pleas of *Lycoming county*.

This was an amicable action, entered between The County of Lycoming as plaintiff and T. D. Beeber and W. W. Autes, Commissioners of said county, in which the following case was stated for the opinion of the court :—

"And now, May 4th 1863, it is hereby agreed by and between the parties to the above-stated suit, that the following case be stated for the opinion of the court in the nature of a special verdict : That an indictment was preferred in the Court of Quarter Sessions of said county against James Fredericks, Joseph Shoemaker, and William H. Walton, charged with riot and assault, &c. (*pro ut* said record No. 35, November Sessions 1861), wherein a verdict of guilty was rendered, and said defendants were duly sentenced to pay a fine of twenty-five dollars each to the Commonwealth, and costs ; that on the 24th day of January 1862, A. G. Curtin, Governor of the state of Pennsylvania, issued his pardon under the great seal of the state, which is hereby made part of this record (*pro ut* said pardon) ; that the Commonwealth's costs never having been paid, and the defendants having been discharged, bills were preferred against said county for the same, to wit : One bill of $22.95 and one of $23.49, amounting in all to $44.56 ; that said defendants, then sitting, and composing a board of commissioners for said county, at the commissioners' office, duly passed upon, and on the 24th day of December, A. D. 1862, allowed said claim for the costs aforesaid, and thereupon drew their order upon the treasurer for the same, which was duly paid.

"And whereas, Thomas Smith and Peter Beeber, two of the auditors of the county aforesaid, sitting as a board in auditing the accounts of the said commissioners, have charged to the account of the above commissioners the sum of $22.28, and being the one-half to each of the Commonwealth's costs in the case aforesaid (*pro ut* said auditor's report), from which each of said commissioners appealed within the time specified according to law to Nos. 64 and 65, of April 7th 1863 (*pro ut* said record).

[Commissioners of Lycoming v. County of Lycoming.]

" If the court be of the opinion that the auditors aforesaid had the legal authority to charge said commissioners with said Commonwealth's costs in their report, and thus make them (the commissioners) individually liable in their proceedings, then judgment to be entered for the plaintiffs; but if not, then judgment to be entered for defendants, the costs to follow the judgment, and either party reserving the right to sue out a writ of error thereon.

" G. W. YOUNGMAN, Att'y. for Com'rs.
" A. J. DETRICK, Atty. for County."

The court below (JORDAN, P. J.) delivered an opinion, in which judgment was ordered to be entered for plaintiffs, with costs, no sum being mentioned, as none had been stated by the parties, which was the error assigned here by the defendants.

*G. W. Youngman,* for plaintiffs in error.

*A. J. Detrick* and *Henry C. Parsons,* for defendants in error.

The opinion of the court was delivered, February 25th 1864, by
AGNEW, J.—In the case of The County of Schuylkill v. Washington Reifsnyder, decided at this term, we have decided that a pardon after sentence has no effect upon the costs, and a discharge of the prisoner without payment is illegal, making the jailer personally responsible for them.

The only question, therefore, in this case is upon the power of the auditors to charge the commissioners with the amount of the costs, directed by them to be paid before the county had become fixed for the payment.

This is a clear matter. It is the only mode in which misappropriation of the public funds can be reached, and being provided by the law, no other can be pursued, according to the provision of the Act of 1806. The 48th section of the Act of 15th April 1834, enacts that " the auditors of each county, any two of whom when duly convened shall be a quorum, shall audit, settle, and adjust the accounts of the *commissioners,* treasurer, sheriff, and coroner of the county, and make report thereof to the Court of Common Pleas of such county, together with a statement of the balance due from or to such *commissioners,* treasurer, sheriff, or coroner."

The auditors are vested by the act with full powers to compel the attendance of witnesses, and to examine them under oath, including the power to attach and commit. They are also expressly authorized to examine the accountant himself, under oath. The 55th section also provides that " the report of the auditors shall be filed among the records of the Court of Com-
1) WR.—32

mon Pleas of the respective county, and from the time of being so filed shall have the effect of a *judgment* against the real estate of the *officer* who shall thereby appear to be indebted either to the Commonwealth or to the county."

"From this judgment an appeal may be taken," "either by the county or the *officer*."

There can be no doubt not only of the power but of the duty of the auditors to take notice of illegal disbursements of the public funds, and to charge the officer who is guilty of misappropriation. It is the only protection the people have against the illegal acts of those who have charge of their pecuniary interests; and the greater complaint is that the auditors too frequently omit their duty in this respect.

The question of notice to the commissioners does not arise. The case has been stated for the opinion of the court, and its terms exclude the question.

The judgment is affirmed.