179      639
e 25 SC ¹²⁸³

# The County of Allegheny *v.* James A. Grier, Appellant.

*Public officers—Compensation of controller of Allegheny county—Acts of May* 7, 1864 *and March* 31, 1876.

The Act of May 7, 1864, P. L. 879, fixing the salary of the controller of Allegheny county at $3,000, is not repealed by the Act of March 31, 1876, P. L. 13.

*Public officers—Controller—Refunding excess over salary.*

A county may compel a county controller to refund a sum which he has received in excess of his legal salary.

The maxim volenti non fit injuria has no application to the illegal payment of public funds to a public officer, and this is especially the case where it is the peculiar function of such officer to guard the public treasury.

*Controller—Right of county to recover excess over fees—Act of May* 1, 1861.

The filing and advertisement of the report of the controller of Allegheny county, as provided by the Act of May 1, 1861, P. L. 450, will not prevent the county from subsequently recovering from the controller an amount which he has received in excess of his legal salary.

Argued Nov. 10, 1896. Appeal, No. 32, Oct. T., 1896, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1895, No. 828, on demurrer. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover from the controller of Allegheny county $1,290.32, alleged to have been paid to him by mistake in excess of his salary as fixed by law. The defendant demurred to the statement for the following reasons: (1) at the date of the payments mentioned in the plaintiff's statement the salary of the office of controller of Allegheny county was not payable under the act of May 7, 1864, entitled, "An act relating to Allegheny County;" (2) the salary of said office at that time was as fixed in the general act, approved May 11, 1881, P. L. 21, and entitled a supplement to an act entitled "An act to carry into effect section 5, of article 14 of the constitution, relative to the salaries of county officers. and the payment of fees received by them into the state or county treasury, in counties containing over 150,000 inhabitants and approved the 31st day

of March, 1876, amending section 13 of said act;" and under said act the salary of the controller was $4,000; (3) in any event the payments made to this defendant and sued for were voluntary payments; (4) the statement does not set forth any legal cause of action against this defendant.

The court entered judgment for the plaintiff on the demurrer.

*Error assigned* was in entering judgment for plaintiff as above.

*W. B. Rodgers*, with him *J. H. Beal*, for appellant.—The general acts of 1876 and 1881 repealed the local act of 1864, and the defendant's salary as controller was thereby fixed at $4,000 per annum: Bell v. Allegheny County, 149 Pa. 381; McCleary v. Allegheny County, 163 Pa. 578; Com. v. Macferron, 152 Pa. 244; Com. v. McCandless, 21 W. N. C. 162.

The moneys sued for were voluntary payments and cannot be recovered in this action: De La Cuesta v. Ins. Co., 136 Pa. 62; Supervisors of Onondaga v. Briggs, 2 Denio, 26; Macon Co. v. Jackson County, 75 N. C. 240.

When the government comes into court it is subject, generally, to the same rules as apply to individuals, excepting only where its sovereignty is involved: U. S. v. State Bank, 96 U. S. 30; U. S. v. McKnight, 98 U. S. 179.

Aside from the legal questions involved, we submit that this judgment should be reversed as improperly entered, in that the defendant was not given any opportunity of making a defense on the merits.

The effect of the controller's reports for 1892 and 1893, with their filing and publication, was conclusive against the claim involved in this suit: Blackmore v. County, 51 Pa. 160; Act of May 1, 1861, P. L. 451.

*N. S. Williams*, for appellee.—The case of appellant falls within the ruling of Bell v. Allegheny County, 149 Pa. 381.

The county is entitled to recover: Steamship Co. v. Young, 89 Pa. 191; Ogden v. Maxwell, 3 Blatch. 319; Day, Land & Cattle Co. v. State, 68 Texas, 526; Com. v. Field, 84 Va. 26; Dew v. Parsons, 2 Barn. & Ald. 562; Charlton v. Allegheny City, 1 Grant, 208.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 4, 1897:

The principle which underlies the construction heretofore given the act of 1876 and its supplements is too plain for question. The constitution had declared that in counties of a specified class, their officers should be paid by fixed salaries; and the legislature sought by that act to accomplish this purpose. It accordingly struck down all prior acts which provided for the payment of such officers in fees as being necessarily inconsistent with the constitutional mandate; and hence McCleary v. County, 163 Pa. 578, and allied cases; and left those acts which provided for the payment of fixed salaries, because consistent; and hence Bell v. County, 149 Pa. 381. The operation of the act was limited by the accomplishment of its purpose. The act of 1861 being in entire harmony with the constitutional intent, it would have been vain and useless to have stricken it down. The act of 1864 which fixed the controller's salary belongs to the same category, and hence the court below was clearly right in holding that the present case is not distinguishable, in this respect, from Bell v. County, supra. The act of 1864 being in force, the amount received by the controller in excess of the salary there fixed was therefore illegal. So on grounds of public policy, the court was right in holding that the maxim volenti non fit injuria has no application to the illegal payment of public funds to a public officer,—more especially where as here it is the peculiar function of that officer to guard the public treasury. Public revenues are but trust funds, and officers but trustees for its administration for the people. It is no answer to a suit brought by a trustee to recover private trust funds that he had been a party to the devastavit. There could be no retention by color of right: Abbott v. Reeves, 49 Pa. 494. With much the stronger reason is this ·doctrine applicable where the interests of the whole people are involved; and the authorities are accordingly numerous to this effect: New Orleans v. Finnerty, 27 La. Ann. 681; Com. v. Field, 84 Va. 26; Day Land & Cattle Co. v. State, 68 Texas, 526; Am. Steamship Co. v. Young, 89 Pa. 191; Taylor v. B'd of Health, 31 Pa. 73; Smith v. Com., 41 Pa. 335, and cases cited. It is obviously immaterial whether the illegal payment be through design or mistake; for in either event the result must be not only misuse of trust funds, but what is of far more importance, demoraliza-

tion in the service. The only practical difference lies in this: that one makes a criminal and the other a trustee. So it is immaterial by what officer the funds are had and received, fidelity to the government, which he represents and is sworn to support, makes restitution a duty. Even a tenant may not question his landlord's title, and much less may a public servant, that of his sovereign. He can plead neither laches nor estoppel in pais to a suit for malversation. Public office is a public trust; the sanctity of public property is essential to its due administration; and necessarily implies a remedy for every diversion from legitimate use. The attributed effect of the filing and advertisement of the controller's annual report, so far as relates to his salary, is without merit. The report is given the " effect of a judgment against the real estate of the *officer who shall thereby* appear to be indebted to the county: " but the act of 1861 does not contemplate that the controller shall become " indebted." He has no power to handle public funds. He is the fiscal officer of the county and, as such, it is his duty to take notice of illegal disbursements of the public funds, and charge the officer who is guilty of misappropriation. This is the only protection the people have against the illegal acts of those who have charge of their pecuniary interests: Commissioners v. Lycoming Co., 46 Pa. 496. Chosen by the people to watch and take care of these interests, it cannot be expected that they shall in turn keep a watch on him.

The suggested hardship of compelling the controller to refund is more specious than real. The adoption of the constitutional provision marked a radical change of policy and should have put him on his guard. As the fiscal officer of the county he was bound to take notice that the construction of the act of 1876 was open to question, and that without the aid of the courts he must act at his peril. His responsibility is not answered by the plea of inconvenience. The county would soon fall into a condition of hopeless insolvency if the " retarding friction " of personal inconvenience were once recognized as a principle of defense to the enforcement of its dues. It follows that there is no error in the judgment and it is therefore affirmed.