· ⁻ ₜₑ

# Tucker's Appeal.

*Public officers—Poor directors — County commissioners — Compensation—Increase of compensation during term—Act of June 7, 1917—Constitution.*

1. The Act of June 7, 1917, P. L. 570, providing for compensation to county commissioners who are also directors of the poor within counties of a given class, has reference to officers who actually perform duties of directors of the poor and county commissioners.

2. In such counties the two officers are separate entities with separate powers and duties fixed by law.

3. County commissioners who are also directors of the poor and perform the duties of the latter office, are as to such office public officers, and are within section 13, article III, of the Constitution, which denies their right to an increase in salary during their term of office.

*Public officers—County auditors—Compensation—Constitutional officers.*

4. County auditors are constitutional officers, and as such their salaries cannot be increased during their term of office.

Argued May 2, 1921. Appeal, No. 230, Jan. T., 1921, by S. O. Putnam et al., from order of C. P. Tioga Co., Sept. T., 1920, No. 1, on annual auditor's settlement of Tioga County, in the matter of Appeal of H. Tucker et al. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from county auditor's settlement. Before BOUTON, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court sustained the appeal. S. O. Putnam et al., county commissioners, appealed.

1921.]    Assignment of Error—Opinion of the Court.

*Error assigned,* inter alia, above order, quoting it.

*David Cameron,* for appellants, cited: Ritchie v. Phila., 225 Pa. 512.

*Chester H. Ashton,* with him *Francis E. Watrous, Howard F. Marsh* and *Thomas A. Crichton,* for appellee, cited: Com. ex rel. v. Warren County, 26 Pa. Dist. R. 113; Com. ex rel. v. Moffitt, 238 Pa. 255.

OPINION BY MR. JUSTICE KEPHART, July 1, 1921:

Tioga County is a separate poor district, under various acts of assembly. The duties incident thereto devolve upon the county commissioners as overseers or directors of the poor. The Act of June 7, 1917, P. L. 570, providing for compensation to commissioners who are also directors of the poor within counties of a given class, has reference to officers who actually perform duties of directors of the poor and county commissioners. It certainly would not apply to one who is elected as a commissioner and director of the poor without duties to perform in the latter capacity. The two offices have separate and distinct responsibilities, each involving considerable amount of work, according to the population of the county. They are each regarded as separate entities, with separate powers and duties fixed by statute. The legislative intent in the Act of 1917 was to reach those actually performing the duties of such officers.

Appellants were elected in 1915, commencing their term of office the first Monday of January, 1916. Acting on the theory that they were not constitutional or public officers as overseers or directors of the poor, they drew from the county treasury the salary provided in the Act of June 7, 1917. From the annual auditor's settlement an appeal was taken by taxpayers of Tioga County; the matter was heard by Judge BOUTON, specially presiding, who held these officers within section 13 of article III of the Constitution, which denied their

right to an increase in salary during their term of office. In this the court below was undoubtedly correct, and this is the only question necessary to a decision in this case.

In Commonwealth v. Moffitt, 238 Pa. 255, we said, "Whether an officer is a 'public officer' within the intendment of the constitutional prohibition depends upon the manner of his selection, the duties imposed and the powers conferred upon him. If he is chosen by the electorate for a definite and certain tenure in the manner provided by law to an office whose duties affect and are to be exercised for the benefit of the public for a stipulated compensation paid out of the public treasury, it is quite safe to say that the incumbent is a public officer within the meaning of the constitutional provision in question." See also Commonwealth ex rel. v. Moore, 71 Pa. Superior Ct. 365.

Here the commissioners, as poor authorities, are empowered, within limits, to perform certain governmental functions. They may borrow money to meet the expenses of the institution erected for the poor; levy a county tax to enable it to properly maintain the poor; expend for temporary or partial relief the moneys collected for poor purposes,—this not directly in connection with the institution; bind out children as apprentices until the males reach the age of twenty-one and the females the age of eighteen; zone the county for medical purposes and appoint physicians for the various zones to attend dependants; and, in general, care for the county's unfortunate poor. It is a highly important post, legislatively created for the well-being of the community. Its officers, existing in the form of commissioners of the county, are elected for a certain term. They are required to submit their accounts to the county auditors or controller, as the case may be, each year, and show therein not only what has become of the moneys raised through taxation but likewise of the produce raised from the farm or of articles made within the institution. It can hardly be contended their duties are not intimately

related to the welfare of society, which is for the good of the government and for which it is responsible.

Appellants were also surcharged with money paid to county auditors, as increased compensation during their term of office. They are constitutional officers, and of course payment was, under these circumstances, within the constitutional prohibition.

The judgment of the court below is affirmed.