### In re: Petition of Drake et al.

384

Argued September 29, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*J. Roy Lilley,* and with him *William P. Wilson,* for appellant.

*Rodney A. Mercur,* County Solicitor, for appellee.

Opinion by Gawthrop, J., November 21, 1932:

Charles E. Drake, George L. Roberts and S. Jay Morley were elected commissioners of Bradford County at the municipal election held in November, 1931, their term of office beginning Monday, January 4, 1932. Prior to the federal census of 1930 that county was a county of the sixth class, it having more than fifty thousand inhabitants. By the federal census

taken in 1930 the county had less than fifty thousand inhabitants and became a county of the seventh class.

By the Act of April 27, 1927, P. L. 403, the salary of a county commissioner in counties of the sixth class is fixed at $3,000 per annum. By the Act of June 7, 1917, P. L. 570, the salary of each county commissioner in counties having a population of twenty thousand and over, and less than fifty thousand inhabitants is fixed at $1,800 per annum, where such county commissioners are also directors of the poor, as is the case in Bradford County.

Section 32 of the Act of June 9, 1931, P. L. 401, which amends the General County Law approved May 2, 1929, P. L. 1278, provides as follows: "The classification of counties shall be ascertained and fixed according to their population by reference, from time to time, to the last preceding decennial United States census. Whenever it shall appear by any such census that any county has attained a population entitling it to an advance in classification, or that a county has heretofore or hereafter decreased in population so as to recede in classification, as herein prescribed, it shall be the duty of the Governor, under the great seal of this Commonwealth, to certify that fact accordingly, which certificate shall be forwarded to the recorder of deeds of the proper county and be recorded in his office. Changes of class, ascertained and certified as aforesaid, shall become effective on the first day of January next following the year in which the census was taken, except that salaries of county officers shall not thereby be increased or decreased during the terms for which they shall have been elected, and except, further, that the court of common pleas of any county which is reduced in classification may, by written order filed in the office of the prothonotary, fix the salaries of the county commissioners and of the district attorney at an amount not exceeding the salaries theretofore paid to said officers, if, in its judgment, the

business of the county justifies the payment of salaries higher than those fixed for counties of the lower class.''

Before the fall primary election held in September, 1931, the Governor of Pennsylvania lodged with the recorder of deeds of Bradford County a certificate to the effect that the county had become a county of the seventh class.

On January 2, 1932, Drake, Roberts and Morley presented to the judge of the court of common pleas of Bradford County a petition requesting the court to fix their salaries as county commissioners under the provisions of the statute just quoted.

The court dismissed the petition, holding that as the salary of the office to which the petitioners were elected was fixed by the statute of 1917 at $1,800 per annum, the provision of the Act of 1931, above quoted, authorizing the court of common pleas of a county reduced in classification to increase the salary of that office to an amount not exceeding that paid to the incumbent thereof before the reduction in classification, cannot be given effect because it contravenes the 13th section of Article III of the Constitution, which provides that ''no law shall extend the term of any public officer, or increase or diminish his salary or emolument after his election or appointment.'' The learned judge said: ''If the legislature is powerless to increase or diminish the salaries of public officers after their election, it seems self-evident that it cannot delegate the powers so to do to the court.''

This appeal is brought by Charles E. Drake.

As to the soundness of the reasons on which the court below grounded the order we have no doubt. At the time when appellant was elected to the office of county commissioner his salary was fixed at $1,800 per annum. By the Act of 1931 the legislature undertook to confer upon the court below the authority to increase that salary to the extent provided by that statute. It is too plain for argument that the authority

thus imposed on the court cannot be delegated to it by the legislature. Clearly it not only amounts to a delegation of legislative authority to the court, but also permits the legislature to do by indirection that which the constitutional mandate provides it may not do, namely, increase the salary of a public officer after his election. Section 5 of Article XIV of the Constitution provides that "the compensation of county officers shall be regulated by law." It was stated in County of Crawford v. Nash, 99 Pa. 253, that this section of the Constitution plainly means that such compensation shall be ascertained and defined by the legislature and that its obvious meaning is that the general assembly should regulate—that is, ascertain and establish—the compensation which should be paid to the respective county officers. The legislature has no power to delegate its authority to regulate compensation of county officers. It follows that the provision in the Act of 1931 delegating such authority to the court of common pleas in certain counties is unconstitutional. None of the cases cited for appellant leads to any different conclusion.

When appellant was elected to office the legally established population of Bradford County was less than fifty thousand, and his salary was fixed. The Constitution prohibits any alteration of his salary after his election and during the term for which he was elected: Com. ex rel. v. Walter, 274 Pa. 553; Guldin v. Schuylkill, 149 Pa. 210. It follows that the learned court below properly disposed of the controversy.

The judgment is affirmed.