Rosenfield *v.* Drake et al., Appellants.

Argued November 22, 1933.

Before
Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and James, JJ.

*William G. Schrier,* for appellants, cited: Petition of Drake et al., 106 Pa. Superior Ct. 383; Commonwealth v. Herr, 229 Pa. 132; Equitable Guarantee & Trust Co. v. Donahoe, Collector, 49 Atlantic Reporter 372.

*William M. Rosenfield,* (propria persona) for appellee.

Opinion by Baldrige, J., February 1, 1934:

The question involved in this appeal is, What is the legal salary of the district attorney of Bradford County?

A case stated was submitted to the court below, embodying the following facts:

Bradford County, on August 5, 1931, passed from the sixth to the seventh class. On the 14th day of

September, 1931, the president judge of the court of quarter sessions filed an order, as provided by the act approved June 23, 1931, P. L. 917, (16 PS §2925 and note), fixing the salary of the district attorney for the term beginning the first Monday of January, 1932 at the sum of $1,500 per annum. At the general election in November, 1931, William M. Rosenfield, the appellee, was elected to the office of district attorney and took the necessary oath of office on the first Monday of January, 1932. During 1932 the county commissioners paid him, monthly, the amount fixed by the court, but they refused to pay him anything in excess of $50 for the month of January, 1933, contending that $600, and not $1,500, is his legal annual salary. The learned court below, after hearing, fixed the salary of the district attorney of that county at $1,250 per annum. The commissioners appealed.

The Act of 1931, supra, attempted to regulate the salaries of district attorneys in counties of the seventh and eighth classes, by providing, inter alia, in the first section, that the annual salaries of district attorneys shall be as follows: "In counties of the seventh class, not less than six hundred dollars ($600), or more than two thousand dollars ($2,000). Whenever in this act a maximum and minimum salary is provided, the judge or judges of the court of quarter sessions of the county shall have power to fix the salary of the district attorney within the maximum limits herein provided, but any such salary shall be fixed before the election of any district attorney to whom such salary is to be paid, and such salary shall not thereafter be increased or decreased during the term for which such district attorney was elected: Provided, That where the said judge or judges shall fail, neglect. or refuse to fix a salary for the district attorney as herein provided, he shall receive the minimum salary fixed by this act." Section 2 (16 PS §2925 note) repeals the

Act of July 9, 1919, P. L. 795 (16 PS §2902), in so far as it relates to counties of the seventh and eighth classes.

In the court below, the defendants' counsel challenged the constitutionality of the entire act, on two grounds: (1) that it violates Section 5 of Article 14 of the Constitution of Pennsylvania, as it authorizes the court of quarter sessions to fix the salary of district attorneys in counties of the seventh class; (2) that its title is defective.

We have no difficulty in concurring with the conclusion of the learned court below that the act is unconstitutional for the first reason stated. Of course, we do not question the right of the Legislature, which is firmly established, to classify counties and to provide for fixing salaries according to population. The circumstances and needs require such an arrangement: Lloyd v. Smith et al., 176 Pa. 213, 35 A. 199; Com. ex rel. v. Moore, 255 Pa. 402, 100 A. 260; Com. ex rel. v. Wert et al., 282 Pa. 575, 128 A. 484; Com. ex rel. v. Matthews et al., 303 Pa. 163, 154 A. 359. But compensation to district attorneys in each of the different classes of counties should be definitely determined, so that all district attorneys in the same class shall receive like salaries and not be subject to the will or judgment of the courts. Section 5 of Article 14 of the Constitution provides that "the compensation of county officers shall be regulated by law." This means that the compensation shall be determined and defined, not by the courts, but by the Legislature. It was said in County of Crawford v. Nash, 99 Pa. 253, 259: "It is too plain for argument that a duty thus imposed cannot be delegated to the county commissioners and county auditors [here the courts]. 'The compensation of county officers shall be regulated by law' is the imperative command of the Constitution. This plainly means that it shall be ascertained and de-

fined by the legislature.'' See, also, Petition of Drake et al., 106 Pa. Superior Ct. 383, 163 A. 37.

The appellants concede that the court was clearly right in holding invalid that part of the act which grants to the court of quarter sessions power to fix salaries of district attorneys within certain limits, as it was an attempt by the Legislature to delegate a legislative power and duty to the courts. But they argue that, as the Legislature has expressly provided that, unless the court acts, salaries of district attorneys in the seventh class shall be $600, a portion of this act may stand. With this contention we do not agree. The Legislature surely did not intend that, if the first section or a portion thereof would be declared invalid, the compensation of all district attorneys elected after its effective date, in counties of those two classes, should be more than fifty per cent less than their predecessors. We are mindful that the elementary rule in construing a statute is to adopt, if fairly possible, such construction as will avoid a conclusion that would make it unconstitutional; and, further, that a statute may be constitutional in one part and unconstitutional in another part; that if the invalid part is severable from the rest, the part that is constitutional may stand, while that which is unconstitutional is rejected. Nor is Section 2 a distinctive and severable piece of the legislation which may succeed Section 1. As we read the act in question, all the parts are inseparably connected with each other. The void portion is vital to the whole; it is so dependent upon, and so connected with, the otherwise constitutional portion, that it may be fairly presumed that the Legislature would not have passed one part without the other. See Rothermel v. Meyerle, 136 Pa. 250, 265, 20 A. 583; Booth v. Flinn, Ltd., & Miller, 237 Pa. 297, 85 A. 457; Com. ex rel. v. Humphrey, 288 Pa. 280, 136 A. 213. While, as we have said, an act

is presumed to be constitutional, it is also true that if a portion of it has been declared unconstitutional, this presumption does not continue as to the remaining portion: 12 C. J. 800, §227. "Unless it employs language showing an intent to repeal in any event and irrespective of its unconstitutional provision, an act which is invalid or unconstitutional and void or inoperative does not repeal another valid act."

The whole statute, including the repealing section, is, in our judgment, void. The appellee comes, therefore, within the provision of the Act of 1919, supra, which remains unrepealed, fixing definite salaries for district attorneys in counties having a population of less than one million. We might add that the Act of June 9, 1931, P. L. 401, 412, §256, fixes definite salaries for district attorneys in counties of the third and fourth classes. Under the provisions of the former act, the salary of the district attorneys in counties whose population is more than forty and does not exceed fifty thousand (which applies to Bradford County) shall be $1,250—the amount fixed by the learned court below.

Judgment is affirmed.