Potter County Commissioners' Salary Case.

Argued May 24, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Vincent M. Casey*, with him *Charles J. Margiotti*, of *Margiotti, Pugliese & Casey*, for appellants.

*James S. Berger*, for appellee.

OPINION BY MR. JUSTICE DREW, June 30, 1944:

The facts and law of these three appeals are identical. Appellants are former commissioners of Potter County, an eighth class county of Pennsylvania. After they took office the first Monday of January, 1940, they had paid to themselves as salaries $1900 a year. The county auditors in auditing the county expenditures for the year 1942 became convinced that the salaries of each of the county commissioners for that year should have been $800, instead of $1900, and accordingly surcharged them $3300, being $1100 overpayment to each of the three. This was sustained by the learned court below, and these appeals followed.

There are no disputed questions of fact involved, and, therefore, nothing to submit to a jury. Since the auditors' report exonerated the commissioners from any fraud or concealment, we are not concerned with salaries paid them in prior years of their terms because, under these circumstances, the auditors' reports for the earlier years are conclusive and cannot now be challenged: *Riehl v. Miller*, 319 Pa. 201, 178 A. 495.

There is but one question for our decision, whether $1900 or $800 was the lawful annual salary of a commissioner of Potter County for the year 1942.

Prior to 1931, Potter County was a seventh class county of Pennsylvania and its commissioners, acting also as directors of the poor drew annual salaries of $1800. This amount was made up of a salary of $1000 for acting as commissioner and $800 for services as director of the poor. The census of 1930 showed that the population of the county was under 20,000 and therefore it should become an eighth class county, in which the salary of commissioner was $500, plus $300 for acting as director of the poor: Act of June 7, 1917, P. L. 570, §1. By the provisions of the Act of June 24, 1937, P. L. 2017, however, the office of director of the poor was abolished and the county commissioners became executive and administrative directors of the in-

stitution district entitled to additional compensation of $300 for service as such officers. For the year in question, 1942, the lawful salary of appellants was $800.

The General County Law of May 2, 1929, P. L. 1278, §301, provides that the salaries and compensation of county officers shall be as now or hereafter fixed by law. Section 32 of this statute provides that classification of counties shall be ascertained and fixed according to population. This latter section was amended by section 2 of the Act of June 9, 1931, P. L. 401, so that in any case where a county was reduced in population and it should become a county of a lower class, the Court of Common Pleas of that county might by written order, fix the salaries of the county commissioners, and of the district attorney at an amount not exceeding the salaries formerly paid to such officers. Pursuant to a petition by the then commissioners, on November 2, 1931, the Court of Common Pleas of Potter County made an order fixing the salaries of its commissioners at $1600. The county commissioners of Potter County received salaries in accordance with the order of court up to and including the year 1941, without objection.

Following the passage of the Act of 1937, supra, the commissioners of Potter County made their first mistake by adding the $300 provided by that statute for acting as executive and administrative directors of the institution district, and retained the $1600 they had been receiving, $1000 for acting as commissioners, and $600 for acting as directors of the poor. When the office of poor director was abolished the salary went with it.

Section 2 of the Act of 1931, supra, authorizing the court of common pleas of any county reduced in classification to fix the salaries of county commissioners is clearly violative of section 5 of Article XIV of the Constitution of Pennsylvania. It cannot be denied that the intent and purpose of this provision in the statute was to permit the court to fix the salaries of county officers, and this regardless of the fact the Constitution says:

"The compensation of county officers shall be regulated by law." This plainly means that the compensation shall be ascertained and defined by the legislature. *County of Crawford v. Nash,* 99 Pa. 253. There is no question but that the determining of such compensation for such officers is a legislative matter, and one the legislature cannot delegate: *Petition of Drake,* 106 Pa. Superior Ct. 383, 163 A. 37; see also *Rosenfield v. Drake,* 112 Pa. Superior Ct. 1, 170 A. 414.

Order affirmed.