Loushay Appeal.

544

Argued March 30, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*R. L. Coughlin,* with him *Philip V. Mattes,* amici curiae, *William L. Wilson, W. G. Schrier,* and *Andrew S. Moscrip,* for appellants.

*John P. Vallilee,* for appellees.

OPINION BY RHODES, P. J., September 26, 1951:

These appeals are by the County Commissioners of Bradford County from judgment entered on a surcharge by the County Auditors of Bradford County. The surcharge covered payments made to themselves as officers of the county institution district pursuant to Act of May 14, 1949, P.L. 1359.

Appellants, under the Act of May 14, 1949, P.L. 1359, which amends section 303 of the County Institu-

tion District Law of June 24, 1937, P.L. 2017, 62 PS §2253, were severally granted "In addition, . . . an allowance for expenses incurred in connection with the institution district . . ., one thousand dollars ($1000) per annum; . . ." Section 2 of the Act of May 14, 1949, P.L. 1359, made the provisions of the Act effective on July 1, 1949, and provided that "the additional expense allowance provided for herein shall terminate at the end of two (2) years after the effective date." Appellants were elected to the office of county commissioner in November, 1947; they took office on the first Monday of January, 1948; and they were serving by virtue of such election during the last six months of 1949. Bradford County is a county of the sixth class.

Acting under the amendatory Act of May 14, 1949, P.L. 1359, 62 PS § 2253, providing for an additional allowance for expenses incurred in connection with the institution district, appellants paid themselves the sum of $500 each, a total of $1,500, for the last six months of 1949. Upon the audit of the commissioners' accounts for 1949, the County Auditors of Bradford County surcharged appellants the sum of $1,500. In so doing the auditors found that the payment of this money was without authority of any valid law. On appeal from this surcharge the Court of Common Pleas of Bradford County, after hearing, entered an order dismissing the exceptions to the report of the auditors for the year 1949, sustained the surcharge in the amount of $1,500, and directed that judgment be entered against appellants, the county commissioners, jointly and severally.

On their appeals to this Court, appellants contend (1) that the $1,000 allowance for annual expenses is a reasonable additional expense allowance, and not within the constitutional prohibition against an increase in salary or emoluments of a public officer during the term of his office; (2) that the county auditors have no such authority as would enable them to refuse approval of

such expenditures, on the ground that the law under which they were made is unconstitutional, prior to judicial determination of such question; (3) that as commissioners they cannot be surcharged for payments made to themselves under a valid and subsisting law; (4) that in their capacity as officers of an institution district they are not public officers within the constitutional prohibition; (5) and that a joint and several judgment in the amount of $1,500 is improper.

No factual issues are involved in the present appeals. All pertinent matters were contained in a stipulation entered into by the parties at the hearing before the court below, or appear in the record itself.

1. By the Act of June 25, 1947, P.L. 928, § 1, 16 PS § 2423, the salary of county commissioners, as such, in counties of the sixth class, is fixed at $3,300 per annum. Prior to the amendatory Act of May 14, 1949, P.L. 1359, section 303 of the County Institution District Law of June 24, 1937, P.L. 2017, 62 PS § 2253, gave commissioners in seventh and eighth class counties "an additional annual salary" for services as officers of an institution district, and provided that: "In every other county the commissioners, and in every county the treasurer, shall receive no additional compensation for services to the institution district. In every county the commissioners and treasurer shall be allowed their necessary expenses incurred in services for the institution district." The amendatory Act of May 14, 1949, P.L. 1359, struck out the allowance to the commissioners provided in section 303 of the Act of 1937, 62 PS § 2253, for their necessary expenses incurred in services for the institution district, and directed that an allowance be paid to every county commissioner for the expenses pertaining to the institution district for a temporary period. However, at a subsequent date in the same session, the Legislature, without referring to the amendatory Act of May 14, 1949, P.L. 1359, passed another

Act, Act of May 23, 1949, P.L. 1709, also amending section 303 of the County Institution District Law of June 24, 1937, P.L. 2017, 62 PS § 2253. By this second amendment of section 303 of the Act of 1937, the allowance for expenses incurred by the county commissioners in services for the institution district was restored, and a provision added for expenses of county controllers. The provisions of each of these amendments to section 303 of the Act of 1937 became effective on July 1, 1949. Consequently, the law before and after July 1, 1949, definitely provided that the county commissioners "shall be allowed their necessary expenses incurred in services for the institution district."

Article III, § 13, of the Constitution of Pennsylvania, provides: "No law shall extend the term of any public Officer, or increase or diminish his salary or emoluments, after his election or appointment." In *Hadley's Case*, 336 Pa. 100, 105, 6 A. 2d 874, 877, it was said: "The purpose of the framers of the Constitution in placing limitations upon legislative interference with the compensation received by a public officer for the duties normally incident to the office was to eliminate political or partisan pressure upon the incumbents of office after they had been elected or appointed."

Certain general principles apply to an examination of the question presented. In passing upon the validity of a statute the presumption is in favor of its constitutionality. *Tranter v. Allegheny County Authority*, 316 Pa. 65, 75, 173 A. 289; *Kelley v. Baldwin*, 319 Pa. 53, 54, 179 A. 736; *Hadley's Case*, supra, 336 Pa. 100, 104, 6 A. 2d 874. It is also to be observed that the constitutional provision forbidding an increase in the salary or emoluments of a public officer during the term of office is inexorable and may not be avoided by indirection. 43 Am. Jur., Public Officers, § 353, p. 145. And as said in *Murray v. Philadelphia*, 364 Pa. 157, 165, 71 A. 2d 280, the substance and practical

operation of the statute controls, and not the terminology used.

At the hearing in the court below it was shown that the total expense accounts of appellants, as county commissioners, covering their expenses in connection with the institution district for the four and one-half years prior to July 1, 1949, were as follows: 1945— $24.96; 1946—$74.41; 1947—$52.25; 1948—$104.89; first half of 1949—$1.65. We have made reference to the fact that under section 303 of the County Institution District Law of June 24, 1937, P.L. 2017, in force when appellants took office, as well as under the amendment of May 23, 1949, P. L. 1709, made to that section after the amendment of May 14, 1949, P. L. 1359, the county commissioners were allowed their necessary expenses incurred in services for the institution district. The question then arises as to what the Act of May 14, 1949, P.L. 1359, granted such commissioners when it provides "In addition, . . . an allowance for expenses incurred in connection with the institution district . . ., one thousand dollars ($1000) per annum; . . ." A lump sum allowance, or appropriation in gross, for expenses is not per se illegal or contrary to the constitutional prohibition against an increase in salary or emoluments; and legislative judgment on the facts is generally conclusive. It has been said, however, that such allowance in gross for expenses "must be within such reasonable limits as to warrant the conclusion that it might be covered by a certified statement of expenses incurred." 43 Am. Jur., Public Officers, § 371, pp. 155, 156; Annotation, 5 A.L.R. 2d 1221-1225. The greatest expense incurred by appellants in connection with the institution district for any previous year was $104.89. A total allowance of $3,000 per year would seem to be wholly disproportionate and without any reasonable relationship to actual expenses incurred. Apart from that we think it is clear that this "addi-

tional expense allowance" of $1,000 per annum to each county commissioner in counties of the sixth class, directed to be paid by the Act of May 14, 1949, P.L. 1359, cannot be intended merely for "expenses incurred in connection with the institution district"; for all necessary expenses incurred by such officials in any capacity, statutory provision had been made.[1]  The purpose of the *additional* allowance for the same expenses for which provision had been made, and the result are obvious and free from doubt.  Unless it was intended that payment should be made for more than expenses incurred, there could be no reason for the enactment of the amendatory Act of May 14, 1949, P.L. 1359.[2]  Probably this could not be designated a gratuity. But at least the additional expense allowance is, in substance and in effect, an increase in salary, or an emolument,[3] that is, *additional compensation to ap-*

[1] See Act of May 2, 1929, P. L. 1278, Art. III, §108, 16 PS §108; Act of June 24, 1937, P. L. 2017, §303, 62 PS §2253; Act of May 23, 1949, P. L. 1709, 62 PS §2253.

[2] Excerpts from the Legislative Journal of the 1949 session of the House of Representatives, containing remarks of members on the Bill, were offered and received in evidence at the hearing in the court below without objection, and are a part of the record. In commenting thereon the court below in its opinion said: "On page 1894 of the Legislative Journal, Mr. Johnson, whom we are informed was a member of the committee in charge of this bill said, repeatedly, in substance, that the purpose of this bill was to give the commissioners 'long overdue compensation for work that they are doing for the people of Pennsylvania. . . . This bill 1113 is designed to give county commissioners some pay for the additional work they do on this job which is growing year after year.' " Cf. *Rando v. State Workmen's Insurance Fund*, 145 Pa. Superior Ct. 386, 394, 21 A. 2d 530.

[3] "In Webster's Unabridged Dictionary the word 'emolument' is thus defined: 'The profit arising from office or employment; that which is received as a. compensation for services, or which is annexed to the possession of office as salary, fees and perquisites; advantage; gain, public or private.' We think the word

pellants, who, as county commissioners, were serving current terms of office, and the Act directing such payment is therefore violative of Article III, § 13, of the Constitution of Pennsylvania. Cf. *State ex rel. v. Raine*, 49 Ohio St. 580, 31 N.E. 741. We are not unmindful of the rule that a statute may not be declared unconstitutional unless there is no doubt about it, and that such conclusion should be avoided unless inescapable. There is no approach, so far as we can observe or ascertain, that would permit us to come to any other conclusion than that the Act in question clearly, palpably, and plainly violates the Constitution of the Commonwealth. See *American Stores Co. v. Boardman*, 336 Pa. 36, 40, 6 A. 2d 826; *Cavanaugh v. Gelder*, 364 Pa. 361, 365, 72 A. 2d 85.

2. The county auditors are a quasi judicial body, and they necessarily have authority to pass upon legal questions initially. They are constitutional officers (Const. Article XIV, § 1), but their powers and duties are prescribed by statute. Act of May 2, 1929, P.L. 1278, Article IV, § 363; Act of June 9, 1931, P.L. 401, § 1; Act of July 28, 1941, P.L. 541, § 1, 16 PS § 363. They have statutory authority to compel the attendance of witnesses (Act of May 2, 1929, P.L. 1278, §373, 16 PS § 373), to administer oaths (16 PS § 374), and to commit a witness to jail for refusal to answer questions (16 PS § 375). As public officers they have not only the powers expressly conferred upon them by law, but they also possess, by necessary implication, such powers as are requisite to enable them to discharge the official duties devolved upon them. See *Wyoming County*

---

imports more than the word salary or fees, and because it is contained in the Constitution in addition to the word 'salary' we ought 'o give it the meaning which it bears in ordinary acceptation. By the definition above given it imports any perquisite, advantage, profit or gain arising from the possession of an office." *Apple v. County of Crawford*, 105 Pa. 300, 303.

*Auditors (No. 1)*, 14 Dist. 539, 542. County auditors have the power, and it is their duty to take notice of illegal disbursements of public funds by county officers whose accounts they are empowered and authorized to audit, settle, and adjust, and to surcharge the officer who is guilty of misappropriation. *Commissioners of Lycoming v. County of Lycoming*, 46 Pa. 496, 497, 498. The inherent authority of the county auditors to pass upon the question of the validity of the additional expense allowance provided by the amendatory Act of May 14, 1949, P.L. 1359, and to impose a surcharge on the basis that the payment thereof to appellants was without authority of any valid law cannot be denied.[4] Cf. *Potter County Commissioners' Salary Case*, 350 Pa. 141, 38 A. 2d 75; *Tucker's Appeal*, 271 Pa. 462, 114 A. 626.

3. Appellants contend that they cannot be surcharged because "officers are not liable for paying out public money in reliance on an unconstitutional statute where the payment was made in good faith before the law was held unconstitutional." 43 Am. Jur., Public Officers, §306, pp. 111, 112; Annotation, 118 A.L.R. 787. The rule relied upon by appellants has no application where the payment later declared invalid was made out of public funds to the public officials themselves as compensation or fees, and not to third parties. 40 Am. Jur., Payment, §. 210, p. 859; *County of Allegheny v. Grier*, 179 Pa. 639, 36 A. 353. Cf. *Tucker's Appeal*, supra, 271 Pa. 462, 114 A. 626. By analogy the acts of public officers de facto are good so far as respects the public,

---

[4] The court below in its opinion very properly stated: "In order to obviate the possibility of a misinterpretation of our action herein, we want it clearly understood that nothing herein is intended to impugn the personal integrity of the county commissioners of this county in connection with this case which is, in reality, a test case."

but void when for their own benefit. *Com. ex rel. Raker v. Snyder,* 294 Pa. 555, 559, 144 A. 748.

4. Appellants also contend that, as officers of the institution district, they are not public officers within the prohibition of Article III, § 13 of the Constitution of Pennsylvania. County commissioners, who were also directors of the poor and performed the duties of that office, were as to such office public officers, and were within Article III, § 13 of the Constitution of Pennsylvania, which denies their right to an increase in salary during their term of office. *Tucker's Appeal,* supra, 271 Pa. 462, 114 A. 626. Under the County Institution District Law of June 24, 1937, P.L. 2017, § 302, 62 PS § 2252, the county commissioners of each county are the executive and administrative officers of the institution district of that county, the office of director of the poor having been abolished. *Potter County Commissioners' Salary Case,* supra, 350 Pa. 141, 142, 143, 38 A. 2d 75. When appellants were elected as County Commissioners of Bradford County and took office, they served thereafter in a dual capacity (1) as commissioners, and (2) as officers of the institution district. Their salaries and expense allowances in both capacities were fixed by statute. Appellants were, therefore, as officers of the institution district, public officers within the constitutional prohibition. It is true, as appellants argue, that the constitutional prohibition against an increase in the salary or emoluments of a public officer during his term does not prevent the appointment of an officer as agent of the Commonwealth for the collection of moneys, and the payment of commissions or fees for the duties as such agent. *Hadley's Case,* supra, 336 Pa. 100, 6 A. 2d 874; *Com. ex rel. Duff v. Huston,* 361 Pa. 1, 4, 5, 61 A. 2d 831. However, appellants do not fall within this category, for, when elected, they were public officers with fixed salaries and expense allowances for the performance of their duties

as commissioners and as officers of the institution district. Cf. *Quick v. Monroe County,* 41 Pa. D. & C. 664, 668 (1941).

5. The entry of a joint and several judgment against appellants in the amount of $1,500 was proper. Cf. *Potter County Commissioners' Salary Case,* supra, 350 Pa. 141, 38 A. 2d 75.

Judgment of the court below is affirmed.