## Mansel v. Lycoming County Commissioners

*H. Swank Phillips*, for county controller.

*Malcolm Muir*, county solicitor, for county commissioners.

WILLIAMS, P. J., June 1, 1954.—Plaintiff, Controller of the County of Lycoming, and defendants, Commissioners of Lycoming County, have asked the court to rule as to a claim of the controller against the commissioners.

The legislature of Pennsylvania, by Act of May 23, 1949, P. L. 1709, provided that the controller in every sixth class county was to receive an allowance for expenses in connection with the institution district, in the amount of $1,000. This act also provides that such expense allowance should terminate at the end of two years from the effective date of the act. The effective date of the act was July 1, 1949.

When this piece of legislature was passed by the assembly and became effective, Lycoming County had an elected controller. A vacancy in this office occurred,

however, and plaintiff was appointed controller on February 6, 1950.

Plaintiff has already received $833.30 under the act and claims an additional $566.70. The commissioners refuse to pay it.

It has been agreed that the court take into consideration that plaintiff during the period for which he claims incurred no actual expenses in connection with his service to the institution district.

### Discussion

If we are to consider this $1,000 a year expense money as the legislature describes it, then we would have to rule in favor of defendant commissioners, as the controller has not had any expenses for the institution district.

If we are to consider this $1,000 a year additional salary for the controller, then other principles of law must be considered.

A similar act, the Act of May 14, 1949, P. L. 1359, was passed by the legislature in an effort to give county commissioners of sixth class counties an allowance of $1,000 for expenses incurred in connection with the institution district. This act was considered by the Pennsylvania Superior Court in Loushay Appeal, 169 Pa. Superior Ct. 543. The court said:

"But at least the additional expense allowance is, in substance and in effect, an increase in salary, or an emolument, that is, additional compensation to appellants, who, as county commissioners, were serving current terms of office, and the Act directing such payment is therefore violative of Article III, §13, of the Constitution of Pennsylvania." Article III, sec. 13, of the Constitution of Pennsylvania, provides that no law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or *appointment*.

If we are to consider the reasoning in Loushay Appeal, supra, controlling, then we should consider the $1,000 expense allowance to the controller an increase in salary. An official in office could not profit by the increase because of article III, sec. 13, of the Constitution. An appointed official after passage of the legislation would profit as McKinney v. County of Northumberland, 75 Superior Ct. 581, held that article III, sec. 13, of the Constitution of Pennsylvania, does not operate to prevent an appointee from receiving the salary provided in the act in force at the time of his appointment, even though the former incumbent was not entitled to receive that salary.

Loushay Appeal appeared in the Supreme Court at 370 Pa. 453, and the Supreme Court did not rule on the constitutional question, instead ruling that the act considered in Loushay Appeal, supra, was repealed by implication.

We are of the opinion that the legislature intended that the controller receive this $1,000 as an increase in salary and because of the Superior Court's ruling in Loushay Appeal, supra, hold that this so-called expense money was actually an increase in salary.

We therefore must hold that plaintiff is eligible to an additional $566.70, he having been an appointive officer, appointed after the act went into effect.

### Findings of Fact

1. The Act of May 23, 1949, P. L. 1709, went into effect July 1, 1949, and provided that controllers in every sixth class county were to receive an allowance of $1,000 a year for expenses in connection with the institution district.

2. Raymond Mansel, plaintiff, was appointed controller of Lycoming County on February 6, 1950.

3. Plaintiff has received $833.30 under this act, and an additional amount of $566.70 is claimed.

*Conclusions of Law*

1. That the $1,000 a year recited in the Act of May 23, 1949, P. L. 1709, is an increase in salary.

2. That a controller appointed after the effective date of the act is not prevented from receiving the increase in salary because of article III, sec. 13, of the Constitution of Pennsylvania.

3. That the Act of May 23, 1949, P. L. 1709, is constitutional insofar as claimant is concerned.

*Order of Court*

And now, June 1, 1954, judgment is entered in the sum of $566.70 in favor of plaintiff and against defendants in their official capacity.