## Besecker v. Pleasant Valley Manor, Inc.

*William J. Reaser, Jr.*, for petitioners.
*Richrd E. Deetz,* for respondent.

THOMSON, *J.*, May 19, 1981—Petitioners herein, the duly elected Auditors of Monroe County, have filed a petitioner to audit the records of respondent, Pleasant Valley Manor, Inc. Pleasant Valley Manor, Inc. is a nonprofit corporation duly incorporated under the laws of Pennsylvania for purposes of providing health care within Monroe County. A rule to show cause was issued to respondent pursuant to the said petition, which respondent has answered. The matter having now been briefed and argued, we may make our determination at this time.

Petitioners base their contention on the language of the County Code of August 9, 1955, P.L. 323, as amended, 16 P.S. § 1721(a), providing:

"The auditors shall audit, settle and adjust the accounts of all county officers of the county, and make an annual report thereof, on or before the first day of the following May, to the court of common pleas, unless upon due cause shown the court shall grant an extension of time therefor. Said report shall be in detail, showing distinctly and separately

all receipts and expenditures of the several offices, and all debts and accounts due, and the amount raised from each source of revenue, and the expenditures in detail and classified by reference to the object thereof, together with a full statement of the financial conditions of the county, and a statement of the balance due from or to such county officers."

They argue that as the County of Monroe appropriates substantial sums of money to the operation of Pleasant Valley Manor, Inc. (indeed, nearly one-third of all county revenue) and as the Monroe County Commissioners sit as members of the board of trustees of respondent, Pleasant Valley Manor, Inc., and fill other vacancies on the said board by appointment of trustees, that at least by necessary implication, petitioners have the power to audit respondent in the discharge of their official duties. In support of this contention, petitioners have cited Loushay Appeal, 169 Pa. Superior Ct. 543, 83 A. 2d 408 (1951).

Respondent, on the other hand, contends that there is no statutory authority for such an audit, and that such would be a duplication of audits already conducted by an independent certified public accountant, pursuant to an installment sales agreement between respondent and the Monroe County Industrial Development Authority, and by the Pennsylvania Department of Welfare, which, admittedly, provides an even greater amount of funding for respondent than does the County of Monroe.

We think that respondent's construction of the powers of county auditors is rather too narrow. Surely, with this amount of county expenditures being provided annually to respondent, and with the close relationship of the county commissioners

to the operation of Pleasant Valley Manor, Inc., it can be necessarily implied that for the auditors to properly audit the "accounts of all county officers" (i.e. the Monroe County Commissioners), and to show the expenditures in detail "together with a full statement of the financial conditions of the county," that they must conduct the audit as requested. We will, therefore, allow them to do so.

Respondent also argues that many other nonprofit corporations are the recipients of county funds but apparently are not audited. We would feel that each such situation, if presented to the court, would have to be analyzed on a case-by-case basis, to determine the true nature of the relationship between the county and each such organization. We are certainly not adopting a blanket policy that all such organizations need be audited by the county auditors, and do not base our holding herein on such a premise.

We will issue herewith the following

## ORDER

And now, May 19, 1981, the rule to show cause heretofore entered on June 17, 1980, why an order should not be entered directing respondent, Pleasant Valley Manor, Inc., to make available to petitioners the financial records of Pleasant Valley Manor, Inc., and such other records pertaining to expenditures of funds appropriated to Pleasant Valley Manor, Inc. by the County of Monroe is hereby made absolute, and petitioners are hereby permitted to inspect and audit all such records of respondent, as prayed for.